**David R. Boyajian**, OSB #112582
Email: dboyajian@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Briton P. Sparkman**, Admitted PHV
Email: bsparkman@chaloslaw.com
CHALOS & CO, P.C.
55 Hamilton Avenue
Oyster Bay, NY 11771

Attorneys for Plaintiff, Pacific Gulf Shipping Co.


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| **PACIFIC GULF SHIPPING CO.,**<br><br>Plaintiff,<br><br>vs.<br><br>**ADAMASTOS SHIPPING & TRADING S.A., VIGOROUS SHIPPING & TRADING S.A., BLUE WALL SHIPPING LTD., and PHOENIX SHIPPING & TRADING S.A.**<br><br>Defendants. | No.  3:18-CV-02076-MO<br><br>Admiralty<br><br>**PLAINTIFF PACIFIC GULF SHIPPING CO.'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE** |


COMES NOW, Plaintiff, PACIFIC GULF SHIPPING CO. (hereinafter "PGS" or

"Plaintiff"), by its undersigned counsel, and submits this Memorandum of Law, Declaration of

Briton P. Sparkman, Esq. ("Sparkman Decl."), and Declaration of Advocate Michael John

Page 1 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S
            OPPOSITION TO DEFENDANT'S MOTION TO
            VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Fitzgerald ("Fitzgerald Decl.") in opposition to VIGOROUS SHIPPING & TRADING S.A.'s ("VIGOROUS SHIPPING" or "Defendant") Motion to Vacate. For the reasons more fully set forth below, the factual allegations contained in Plaintiff's Verified Complaint, the supplemental evidence presented herein, and what may be added at oral argument, it is respectfully submitted that Defendant's motion should be denied in its entirety.

## PRELIMINARY STATEMENT

VIGOROUS SHIPPING has purposefully sought to quick pitch a panoply of self-serving arguments to the Court with the ambition of avoiding the appropriate scrutiny that this case requires. Efstahios Gourdomichalis and George Gourdomichalis have each submitted threadbare, unsupported (and unsupportable) conclusory declarations which purport to demonstrate the separateness of Defendant VIGOROUS SHIPPING from its alter-egos: BLUE WALL SHIPPING LTD. ("BLUE WALL"), PHOENIX SHIPPING & TRADING S.A. ("PHOENIX"),[1] and ADAMASTOS SHIPPING & TRADING S.A. ("ADAMSASTOS SHIPPING). The reasoning for doing so is clear – to avoid discovery at all costs -- which will demonstrate that the Gourdomichalis brothers dominate and control the Defendants without regard to appropriate formalities and to the inequitable detriment of others such that the corporate veil should be pierced.

_____

[1] Defendant VIGOROUS SHIPPING has admitted that Defendant PHOENIX is a quintessential Greek Law 89 company which is registered in a foreign country; but operates in Greece as a beneficial tax dodge. *See* DE 17, ¶5. Foreign shipping companies are permitted to establish a branch or office in Greece and in exchange are eligible for full exemption from income taxes on profits derived from foreign flagged vessels. *See, e.g.,* https://home.kpmg.com/gr/en/home/insights/2016/11/taxes-related-to-doing-business-in-greece.html, last accessed December 11, 2018.

Page 2 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S OPPOSITION TO DEFENDANTS' MOTION TO VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

Defendant fleetingly cites but fails to address the applicable case law from the District of Oregon which is directly on point. VIGOROUS SHIPPING's motion omits any acknowledgement or citation to the binding precedent of the Ninth Circuit Court of Appeals and the persuasive authority from this District, which make clear how Rule B attachment cases are to be handled by the Court.  Specifically, at this initial stage, discovery is not only warranted, but necessary under the facts and circumstances of this case. *Interpool, Ltd. v. Char Yigh Marine, S.A.*, 890 F.2d 1453, 1457 (9th Cir. 1989); *see also* Point II, *infra*.  The case *OS Shipping Co. v. Global Mar. Trust(s) Private Ltd.*, which proceeded before District Judge Anna Brown is particularly instructive. During an initial Rule E(4)(f) hearing, Judge Brown stayed a similarly situated defendant's motion to vacate pending discovery and held:

> The plaintiff is hampered because the plaintiff can only know so much, given the posture of the case. And it may seem -- it may be fair to give them a brief opportunity to in fact inquire under oath of those declarants on whom you're relying and to ask questions about the pertinent issue, which is the elements of alter ego liability and what -- what might relate to that.

*Id.*, 11-cv-377-BR, *See* Sparkman Decl. at Exhibit 2, April 6, 2011 Hearing Transcript at p. 30; *see also* Exhibit 3, April 7, 2011 Hearing Transcript setting discovery parameters.

District Judge Marco Hernandez also directed similarly situated parties to conduct discovery before deciding a motion to vacate in the case *Swaidan Trading Co., LLC, v. M/V DONUSA, in rem, et al.*, 3:18-cv-0398-HZ.  In that action, the defendant vessel owner moved to vacate and dismiss the complaint before the U.S. Marshal Service seized the vessel. During oral argument, Judge Hernandez sustained the attachment and stayed motion practice pending the completion of discovery.  Judge Hernandez ordered:

> All of this leads me to believe that ***the best solution is to stay this proceeding and to allow targeted discovery so that the plaintiff can get the opportunity to***

Page 3 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S
            OPPOSITION TO DEFENDANTS' MOTION TO
            VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

*investigate their claim that the corporate veil ought to be pierced in this particular case or that their claim that this is all one organization can be explored*. And after that targeted discovery, we can then have a hearing under Rule E(4)(f).

*Id*., *See* Sparkman Decl. at Exhibit 4, March 16, 2018 Hearing Transcript at p. 6. (emphasis added).

Approximately two (2) weeks later (after the vessel in question had been seized), the defendant re-urged its motion to vacate arguing that the plaintiff had not alleged sufficient facts to meet the probable cause or reasonable grounds standard required to sustain an attachment under Supplemental Rule B and E.   In support, the defendant submitted as strikingly similar, bare-bones declaration from a corporate representative stating that all corporate formalities were met and that the defendant did not have an improper relationship with the alleged alter-ego defendants.   In rejecting the defendants' arguments, District Judge Hernandez ruled that limited discovery should be completed (within thirty (30) days) and that it was a fair result for both the plaintiff and defendants. *See* Sparkman Decl., at Exhibit 5, March 30, 2018 Hearing Transcript, at p. 25.

Upon even minimal inspection of the record in this matter, it is clear that it is the Gourdomichalis brothers, themselves, who have at all relevant times operated a shipping enterprise using numerous (and interchangeable) brass plate shell companies with no real identity, corporate structure, presence, or adherence to corporate formalities.   ADAMASTOS SHIPPING and VIGOROUS SHIPPING are no different.   Neither of these shell companies have an office; nor do they have a staff, employees, a website, a telephone number, fax lines, and/or email addresses. Neither have a physical or electronic presence, but rather are organized in a foreign jurisdiction of convenience (*i.e.* The Republic of Liberia), and nominally serve as owners of the M/V ADAMASTOS and the M/V VIGOROUS, respectively, in name only.   The Gourdomichalis brothers, by and through other shell companies, Defendants BLUE WALL and PHOENIX,

Page 4 -   PLAINTIFF PACIFIC GULF SHIPPING CO.'S OPPOSITION TO DEFENDANTS' MOTION TO VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

dominate and control the actions of all Vessels as part of the commonly owned and dominated enterprise. VIGOROUS SHIPPING spends the majority of its motion arguing that there is no relationship between ADAMASTOS SHIPPING and itself (or any of the other named Defendants). The Gourdomichalis brothers purposefully and necessarily scrubbed all references to the M/V ADAMASTOS on BLUE WALL's website and corporate filings following abandonment of the vessel, whilst fully laden with perishable cargo in Brazil. Notably, contemporaneous to the events giving rise to the underlying claim, George Gourdomichalis was representing (repeatedly) to the public and maritime industry that the M/V ADAMASTOS was very much a part of the commonly controlled Gourdomichalis enterprise.

> *Apart from the 4 newbuildings, four second hand have been recently taken in their fleet, carrying the new names respectively of Valiant, Resolute, Daring, Ardent. Latest injection was the Vigorous, the former 52,500 dwt Tropical Queen, built in Japan (Tsuneishi),* **and also in their fleet is the Adamastos, a panamax that was built in 1999**.

*See* Sparkman Decl., Exhibit 1, *Ship-2-Shore Article* dated May 26, 2014. (emphasis added).

Following the brazen abandonment of the M/V ADAMASTOS in Brazil by Defendants;[2] the ADAMASTOS SHIPPING shell corporation was fraudulently wound up and/or improperly caused and/or permitted to go out of business by BLUE WALL, PHOENIX, and the Gourdomichalis brothers because it saved them the costs, expense, hassle, and time required to resolve the claims and deficiencies arising from their unseaworthy vessel in Brazil. Defendants shirked their contractual and legal obligations, inequitably took the profits from years of significant earnings by the M/V ADAMASTOS and improperly sought to reshuffle its deck of assets within

[2] DE 1, ¶¶ 8-31.

Page 5 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S OPPOSITION TO DEFENDANTS' MOTION TO VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

the BLUE WALL fleet rising, much like the name suggests, like a "phoenix." Of course, if the Gourdomichalis vessels were properly and independently capitalized, the M/V ADAMASTOS would not have been abandoned in Brazil. More to the point, Defendant VIGOROUS SHIPPING would have taken action to promptly release the M/V VIGOROUS from attachment through the posting of substitute security pursuant to Supplemental Rule E.[3] In short, Plaintiff respectfully submits that it easily has satisfied its minimal burden to sustain the attachment and that Defendant's motion to vacate must be denied in its entirety.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff commenced this ancillary Rule B maritime attachment action on December 3, 2018, seeking an order authorizing attachment of the M/V VIGOROUS to obtain security and to enforce a foreign arbitration award issued on April 19, 2017. *See* Ver. Compl., DE 1, at ¶¶ 33-39; 88-92. PGS alleged a maritime claim against Defendant ADAMASTOS SHIPPING for its breach of the charter party agreement. *Id.*, ¶¶ 8-31. Plaintiff has sufficiently plead a *prima facie* admiralty claim against the Defendants and has sought security for its arbitration award arising under the breach of maritime contract in an amount of no less than USD 22,609,880.98. *Id.*, at ¶ 91. In its Verified Complaint, PGS presented detailed factual allegations explaining that Defendant ADAMSASTOS SHIPPING was the corporate alter-ego of Defendants BLUE WALL, PHOENIX SHIPPING, and VIGOROUS SHIPPING and set forth a valid basis (which the Court carefully reviewed and accepted) for the attachment of the M/V VIGOROUS. *Id.*, at ¶¶ 41-70.[4]

---

[3] The costs, fees, and expenses being incurred by the Vessel are a direct result of VIGOROUS SHIPPING's failure, neglect, and/or refusal to post substitute security in this matter pursuant to Supplemental Rule E(5) and therefore should be for Defendant's account.

[4] Plaintiff's award makes clear that Plaintiff is entitled to be indemnified by ADAMASTOS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

Once issued, the Order, Writ of Attachment, and all supporting documents were promptly submitted by Plaintiff to the United States Marshal's Office for the District of Oregon on December 4, 2018 for service upon the M/V VIGOROUS. The U.S. Marshal Service served the attachment papers on the vessel on Wednesday, December 5, 2018 at approximately 07:45 AM, local time once the Vessel was alongside the Temco Grain Terminal in Kalama, Washington. VIGOROUS SHIPPING delayed for five (5) days before filing its motion to vacate the Rule B Attachment on December 10, 2018. *See* DE 15.

## ARGUMENT

### I.    DEFENDANT INSISTED ON A HEARING ON UNREASONABLY SHORT NOTICE

VIGOROUS SHIPPING sought a hearing on the motion to vacate on December 7, 2018 (*i.e.* two (2) days <u>after</u> the Vessel was seized and three (3) days <u>before</u> filing its motion to vacate). Over Plaintiff's objection, Defendant refused to adjourn the Court's Wednesday, December 12, 2018 hearing setting.   Defendant did not file any pleadings for several days – i.e. - until approximately 12:00 noon on Monday, December 10, 2018.  Plaintiff's counsel conferred with Defendant and requested additional time to review Defendant's submissions with Plaintiff and to respond to the motion to Vacate. VIGOROUS SHIPPING refused and insisted on proceeding with the December 12th hearing (a mere "45" hours after filing its motion to vacate). Here, Plaintiff has plead significant factual allegations which demonstrate reasonable grounds to support the

---

SHIPPING for **any and all** liabilities that Plaintiff "have or might be found to have or might in the near future" related to the claims up the charter chain by Marubeni Corporation and Integris Co Ltd., plus applicable costs, fees, and interest. DE 1, at Exhibit 2.  At present, the award which has unjustly gone unpaid has an estimated value of approximately USD 23,000,000.

Page 7 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S OPPOSITION TO DEFENDANTS' MOTION TO VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

continued attachment of the Vessel. As every court in this District has found under similar circumstances, Plaintiff should be given a full and fair opportunity to explore Defendant's self-serving and conclusory statements through written discovery and depositions. VIGOROUS SHIPPING's ambition to press forward with the hearing on an incomplete record is purposefully aimed at depriving the Plaintiff and the Court with the opportunity to develop the facts as they will inevitably lead to the corporate veil of the Defendants being pierced.

## II.    <u>DISCOVERY IS APPROPRIATE AND WARRANTED IN THIS MATTER</u>

As set forth in Plaintiff's Verified Complaint and Point III, *infra*, Plaintiff has met its burden to demonstrate reasonable grounds to sustain the maritime attachment in this case. Notwithstanding, limited discovery to further develop the factual record in this case and examine the corporate relationship between the Defendants should be permitted based on Ninth Circuit precedent and the regular practice of the Courts sitting in this District (and other Districts throughout the Ninth Circuit). In *Interpool, Ltd. v. Char Yigh Marine, S.A.*, 890 F.2d 1453, 1457 (9th Cir. 1989), the Ninth Circuit held: "The Supreme Court has held that admiralty jurisdiction further extends to the determination of ownership of an attached vessel even if that determination involves the court in the examination of transactions that are 'intrinsically nonmaritime.'" For issues unrelated to the merits of the dispute, "pretrial discovery procedures are not necessarily precluded and there is authority to permit such discovery to go forward." *Filia Compania Naviera, S.A. v. Petroship, S.A.*, 1982 U.S. Dist. LEXIS 9404, *15 (S.D.N.Y. 1982) (*citing Nederlandse Erts Tanker-smaatschappij, N.V. v. Isbrandsten Co.*, 362 F.2d 205, 206 (2d Cir. 1966)).

Plaintiff has presented detailed allegations about how Defendants have engaged in a pattern of corporate entanglement and sham structures to shield their actual assets and avoid liability to

Page 8 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S
OPPOSITION TO DEFENDANTS' MOTION TO
VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

creditors, including Plaintiff.    The Defendants are dominated and controlled by the Gourdomichalis brothers, by and through, *inter alia*, BLUE WALL and PHOENIX.    When examining alter-ego allegations, a Plaintiff cannot reasonably be expected to obtain all evidence to support its allegations, where the Defendants have structured their corporate form so as to shield themselves from creditors. *See OS Shipping Co.*, 2011 U.S. Dist. LEXIS 49054, *25-33.    As Judge Brown held in *OS Shipping Co*., discovery is necessary and appropriate because the information and evidence to prove Plaintiff's factual allegations are in the exclusive control of the Defendants. Following discovery in the *OS Shipping Co.* case, including depositions of the defendants' corporate representatives, the Rule B attachment was again sustained by Judge Brown at the continued Rule E(4)(f) hearing, who found that the plaintiff had presented sufficient evidence to sustain the attachment on either a theory of domination and control by one defendant over the other corporate entities.    *Id*., The Court further held that defendants were under the domination and control of a beneficial owning company and had engaged in fraud in their debt avoidance efforts. *See OS Shipping Co.*, 2011 U.S. Dist. LEXIS 49054, *25-33.

In *Twentieth Century Fox Int'l Corp. v. Scriba*, 385 Fed. Appx. 651 (9th Cir. 2010), the Ninth Circuit Court of Appeals held that discovery limited to specific alter-ego issues was appropriate and determined that the district court erred in granting the motion to dismiss and ruling on an incomplete record.[5] In another matter in this Circuit, District Judge Alsup (of the Northern

---

[5] In *Twentieth Century Fox*, the Ninth Circuit focused on the following two (2) points in concluding that plaintiff sufficiently demonstrated that the denial of discovery would result in prejudice: (i) plaintiff's representations of the discovery sought was specific; and (ii) plaintiff's allegations, if supported by evidence, would "provide a strong argument for the exercise of jurisdiction over [the alleged alter ego]." *Twentieth Century*, at 653.    In this matter, Plaintiff seeks written discovery requests and to take depositions of Defendants' representatives.

Page 9 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S OPPOSITION TO DEFENDANTS' MOTION TO VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

District of California) issued an Order holding defendants' motions to vacate a maritime

attachment in abeyance pending jurisdictional discovery. *KPI Bridge Oil Sing. PTE Ltd. v. Berlian*

*Laju Tanker TBK PT*, 2012 U.S. Dist. LEXIS 37751 (N.D. Cal. 2012). In that matter, plaintiff

alleged, in relevant part, that one defendant controlled the other and that the defendants failed to

maintain corporate formalities. *Id.* In allowing limited jurisdictional discovery, Judge Alsup held:

> Plaintiff seeks leave to conduct limited discovery into the relationship between
> Marina and Berlian, to support its alter ego allegations. ***Our court of appeals has***
> ***held that, in general, "where further discovery on [the] issue might well***
> ***demonstrate facts sufficient to constitute a basis for jurisdiction," denial of***
> ***jurisdictional discovery will be an abuse of discretion.*** *Harris Rutsky & Co. Ins.*
> *Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003). Without
> ruling on defendants' evidentiary objections, this order finds cause to allow limited
> jurisdictional discovery on the issue of defendants' alleged alter ego relationship.
> … Plaintiff is not tasked, at this stage, with proving the merits of its claims, but
> rather their sufficiency. Absent express direction to the contrary, there is no reason
> to restrict the discretionary grant of limited jurisdictional discovery on the facts
> presented here.

*Id.*, at 11-14 (emphasis added); *see also Kite Shipping LLC v. San Juan Navigation Corp.*, 2012

U.S. Dist. LEXIS 96199, 19-21 (S.D. Cal. 2012) (District Judge Moskowitz held Magistrate

Gallo's denial plaintiff's request for limited discovery on plaintiff's alter-ego theory was an abuse

of discretion and granted expedited jurisdictional discovery on the alter-ego allegations).

    Simply put, it is common practice for the district courts to permit discovery where factual

findings must be made in deciding a motion to vacate. *See e.g. Naftomar Shipping and Trading*

*Co. Ltd. v. KMA International S.A.*, 2011 U.S. Dist. LEXIS 24723 (S.D. Tex. 2011) (Court denied

motion to vacate and granted opportunity to conduct discovery on basis that plaintiff plead

sufficient facts and offered sufficient evidence of alter-ego allegations); *Rea Navigation, Inc v.*

Page 10 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S
OPPOSITION TO DEFENDANTS' MOTION TO
VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

*World Wide Shipping Ltd.*, 2010 AMC 221 (S.D.N.Y. 2009) (the court held that plaintiffs pled

sufficient facts to sustain the attachment where plaintiffs alleged that the purported alter ego shared

an address, phone number, contact information, and staff with the defendant, and made payments

on behalf of the defendant, and allowed for limited discovery on the alter ego issue "in order to

ensure that the Alter Ego Defendants' funds are not attached longer than necessary."); s*ee also*

*Maryland Tuna Corp. v. MS Benares*, 429 F.2d 307, 322 (2d Cir. 1970) (discovery permitted in

respect to allegation that assets owned by one corporation should in fact be considered an asset of

a related corporation).

Accordingly, Plaintiff respectfully requests that it be given an opportunity to conduct

discovery before proceeding with a substantive Rule E(4)(f) hearing.

### III.   PLAINTIFF HAS SATISFIED ITS PLEADING BURDEN TO SUSTAIN THE ATTACHMENT

#### A.   Background of maritime attachment.

Rule B of the Supplemental Rules of Admiralty and Maritime Claims governs the

procedure by which a party may attach another party's assets.[6] After a defendant has received

notice of a maritime attachment, the defendant may contest it pursuant to Supplemental Rule

E(4)(f). *Equatorial Marine Fuel Mgmt. Servs. PTE v. MISC Berhad*, 591 F.3d 1208, 1210 (9th Cir.

2010). The Court's inquiry is limited to evaluating whether Plaintiff has satisfied four (4)

---

[6] "If a defendant is not found within the district, . . . a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property . . . in the hands of garnishees named in the process . . . the court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment. The clerk may issue supplemental process enforcing the court's order upon application without further court order." Fed. R. Civ. P. Supp. R. B.

Page 11 -   PLAINTIFF PACIFIC GULF SHIPPING CO.'S
            OPPOSITION TO DEFENDANTS' MOTION TO
            VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

requirements:

> Under Rule B of the Supplemental Admiralty Rules, Plaintiff may attach a
> defendant's property if four conditions are met. (1) Plaintiff has a valid *prima facie*
> admiralty claim against the defendant; (2) defendant cannot be found within the
> district; (3) property of the defendant may be found within the district; and (4) there
> is no statutory or maritime law bar to the attachment.

*OS Shipping Co. v. Global Mar. Trust(s) Private Ltd.,* 2011 U.S. Dist. LEXIS 49054, *10 (D. Ore.

2011)(quoting *Equatorial Marine*, *supra*)

Courts in this District and throughout this Circuit have recognized that the procedure

authorized under Supplemental Rule B has a dual purpose: (i) to assure a defendant's appearance;

and (ii) to assure satisfaction in case the suit is successful. *Polar Shipping, Ltd. v. Oriental Shipping*

*Corp.*, 680 F.2d 627, 637 (9th Cir. 1982). Maritime attachments have found favor in the courts

because of the widely recognized fact that, as is the case here, it is frequently more difficult to find

property of parties to a maritime dispute than of parties to a traditional civil action. Applying this

rationale, the Ninth Circuit Court of Appeals has stated:

> A ship may be here today and gone tomorrow, not to return for an indefinite period,
> perhaps never. Assets of its owner, including debts for freights, as in this case,
> within the jurisdiction today, may be transferred elsewhere or paid off tomorrow.
> It is for these reasons that maritime actions in rem, libeling a ship or other assets of
> a defendant, Supplemental Rule C, or attachment in actions *in personam*,
> Supplemental Rule B, were developed. These reasons are as valid today as they
> ever were.

*Id.*; *see also Fla. Conf. Ass'n of Seventh-Day Adventists v. Kyriakides*, 151 F. Supp. 2d 1223, 1229

(C.D. Cal. 2001)("The primary concern driving the creation of the right of attachment and

garnishment was the transitory nature of maritime commerce…"). Thus, the policy underlying

maritime attachment "has been to permit the attachment of assets wherever they can be found…"

*Aqua Stoli Shipping, Ltd. v. Gardner Smith Pty Ltd.,* 460 F.3d 434, 443 (2d. Cir. 2006), *abrogated*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

*on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte. Ltd.*, 585 F.3d 58 (2d Cir. 2009).

**B.      Plaintiff need only demonstrate reasonable grounds to sustain the attachment**

At a Rule E(4)(f) hearing, the Plaintiff bears the burden of showing that it has satisfied the requirements of Rule B. *See* Fed. R. Civ. P. Supp. R. E(4)(f); *Equatorial Marine*, 591 F.3d at 1210, (citing *Aqua Stoli Shipping,* 460 F.3d at 474).   Federal courts in this District and Circuit have consistently held that, in a Rule E, post-seizure hearing, Plaintiff need *only* demonstrate reasonable grounds (or probable cause) for the attachment. *OS Shipping Co.*, 2011 U.S. Dist. LEXIS 49054, at *11-12 (collecting cases and quoting *Sea Prestigo, LLC v. M/Y/ Triton*, 2010 U.S. Dist. LEXIS 135377 (S.D. Cal. Dec. 22, 2010), wherein the District Court held:

> The purpose of this hearing is not "to resolve definitively the dispute between the parties, but only to make a preliminary determination whether there were reasonable grounds for issuing the arrest warrant." *Lion de Mer v. M/V Loretta V*, 1998 U.S. Dist. LEXIS 10182, at *5, (D. Md. Apr. 3, 1998). "At this stage in the proceedings, plaintiff merely needs to show 'probable cause' for the issuance of the warrant and writ." *Del Mar Seafoods Inc. v. Cohen*, 2007 U.S. Dist. LEXIS 64426, at *7-8, (N.D. Cal. August 16, 2007).

*Id*.; *see also KPI Bridge Oil Sing. PTE Ltd. v. Berlian Laju Tanker TBK PT*, 2012 U.S. Dist. LEXIS 37751, 4-5 (N.D. Cal. 2012).

Again, Plaintiff is <u>not</u> required to prove its case at the E(4)(f) stage. Rather, the hearing is only to determine whether reasonable grounds existed for the issuance of the writ of attachment (and for continued maintenance of the attachment). *See e.g., Naftomar Shipping*, 2011 U.S. Dist. LEXIS 24723 at *2; *Rea Navigation, Inc. v. World Wide Shipping Ltd.*, 2009 U.S. Dist. LEXIS 96113 *2 (S.D.N.Y. 2009) (noting that neither reasonable grounds or probable cause standards to evaluate a showing of a valid *prima facie* admiralty claim requires the plaintiff to prove its case at

Page 13 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S
             OPPOSITION TO DEFENDANTS' MOTION TO
             VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

the Supplemental Rule E(4)(f) stage); *Totalmar Navigation Corp. v. ATN Indus., Inc.*, 2008 U.S. Dist. LEXIS 97870 *4 (S.D.N.Y. 2008) ("[I]n ruling on a motion for vacatur [of a maritime attachment] the district court should not conduct a full-fledged inquiry into the merits of plaintiff's claim.").

### C.    Plaintiff has easily met the pleading requirements of Rule E(2)(a)

Plaintiff's good faith allegations against Defendants in its Verified Complaint satisfy the particularity pleading requirement of Rule E(2)(a) and are sufficient to sustain the attachment. *See* Ver. Compl. DE 1 ¶¶ 8-91. The *prima facie* standard in the Rule B maritime attachment context is a pleading requirement, not an evidentiary standard. Rule E(2)(a) requires that a complaint "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Fed. R. Civ. P. Supp. R. E(2)(a).  Plaintiff has met the heightened pleading requirements of Rule E(2)(a).[7] *See Japan Line, Ltd. v. Willco Oil Ltd.*, 424 F. Supp. 1092, 1094 (D. Conn. 1976) (Newman, J.) (holding that where attachment is based on a theory of veil-piercing, plaintiff should not be required to allege the grounds in support of the theory with particularity before discovery); *Sea-Terminals,  Inc. v. Independent Container Line,*

---

[7] Even though Plaintiff has met the pleading standard, there is no requirement that *all* allegations in support of the attachment must be made at the time the Order of Attachment is issued. When conducting a review to determine whether reasonable grounds exist to sustain the attachment, "Supplemental Rule E *does not restrict review* to the adequacy of the allegations in the complaint." *Linea Naviera De Cabotaje, C.A. v. Mar Caribe De Navegacion, C.A.*, 169 F. Supp. 2d 1341, 1358 (M.D. Fla. 2001) (emphasis added). This Court also may consider any allegations or evidence offered in the parties' papers or at the post-attachment hearing. *Id.* at 1357-58. "[I]t comports with due process to permit the initial seizure on sworn *ex parte* documents, followed by the early opportunity to put the creditor to his proof." *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 609 (1974).

Page 14 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S
             OPPOSITION TO DEFENDANTS' MOTION TO
             VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

*Ltd.*, Civ. A. No. 89-412-JRR, 1989 WL 222634, at *2 (D. Del. Aug. 16, 1989) (holding that whether the defendant "is a totally separate and unrelated company" from the company directly liable to plaintiff should not be decided "until the facts are fully fleshed out after discovery.").

   **D.     Plaintiff's alter ego allegations and the supporting evidence known to date are more than sufficient to maintain the attachment.**

   When the totality of the circumstances of the relationship between BLUE WALL, PHOENIX, ADAMASTOS SHIPPING, and VIGOROUS SHIPPING are examined, it is obvious that reasonable grounds exist to support Plaintiff's alter-ego allegations and to hold the asset, the M/V VIGOUROUS, as security for Plaintiff's maritime claim. Plaintiff has presented sufficient and particularized alter-ego allegations in its Verified Complaint which preemptively rebut Defendant's challenges and compel the Court to sustain the attachment.   The Defendant speciously challenges the attachment, claiming that it is a separate corporate entity from Defendants BLUE WALL, PHOENIX, and ADAMASTOS SHIPPING; that the alter-ego allegations are "conclusory;" and that the attachment must be vacated. Defendant's analysis of the standard of review for alter-ego allegations is well off-the-mark.   Defendant conveniently (and undoubtedly purposefully) ignores the specific factual allegations and documents that Plaintiff has provided to this Court to preliminarily evince the interrelatedness of the Gourdomichalis shell companies and their disregard for corporate formalities by simply "striking through" the allegations in the Verified Complaint. DE 1, ¶¶ 42-86. Plaintiff's allegations are not conclusory; they are in based in irrefutable fact and shine a light through the fog Defendants have purposely enshrouded themselves to hide their dodgy practices, including but not limited to abandoning a vessel fully loaded with perishable cargo in Brazil and unfairly and dishonestly leaving Plaintiff PGS to "pick up the pieces" and address the multi-million dollar claims from sub-charterers and cargo interests.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Federal courts sitting in admiralty "generally apply federal common law when examining corporate identity." *Chan v. Society Expeditions*, 123 F.3d 1287, 1294 (9th Cir. 1997); *see also KPI Bridge Oil Sing. PTE Ltd.*, 2012 U.S. Dist. LEXIS 37751, *6. Piercing of the corporate veil is appropriate in two (2) circumstances: (i) where the parent company used the corporate entity to perpetrate fraud; *or* (ii) where the parent has so dominated and disregarded the corporate entity's form that the entity transacted the parent's business rather than its own. *Chan v. Society Expeditions*, 123 F.3d 1287, 1294 (9th Cir. 1997)(citing *Kirno Hill Corp. v. Holt*, 618 F.2d 982, 985 (2d Cir.1980)).[8]

There is no mechanistic formula which applies to the alter-ego analysis and there are no minimum numbers of factors that must be satisfied. *United States v. Standard Beauty Supply Stores*, Inc., 561 F.2d 774, 777 (9th Cir. 1977)("Issues of *alter ego* do not lend themselves to strict rules and *prima facie* cases. Whether the corporate veil should be pierced depends on the innumerable individual equities of each case. 'Only general rules may be laid down for guidance.'"). The *Chan* test sets forth circumstances under which a court may pierce the corporate veil, however the Ninth Circuit Court of Appeals has not mandated any single factor or factors which must be present. *See KPI Bridge Oil Sing. PTE Ltd. v. Berlian Laju Tanker TBK PT*, 2012 U.S. Dist. LEXIS 37751 (N.D. Cal. Mar. 20, 2012) ("Our court of appeals has not set out which factors must be present to warrant piercing the corporate veil.")  In determining whether an entity dominates and controls its alleged alter-ego, federal courts often consider many factors including

---

[8] Judge Brown in *OS Shipping Co.*, 2011 U.S. Dist. LEXIS 49054, *15 (D. Or. May 6, 2011) emphasized that the test set forth in *Chan* is disjunctive.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

the following:

>    (1) disregard of corporate formalities;
>    (2) inadequate capitalization;
>    (3) intermingling of funds;
>    (4) overlap in ownership, officers, directors, and personnel;
>    (5) common office space, address and telephone numbers of corporate entities;
>    (6) the degree of discretion shown by the allegedly dominated corporation;
>    (7) whether the dealings between the entities are at arms-length;
>    (8) whether the corporations are treated as independent profit centers;
>    (9) payment or guarantee of the corporation's debts by the dominating entity, and
>    (10) intermingling of property between the entities.

See *MAG Portfolio Consultant, GMBH v. Merlin Biomed Group, LLC*, 268 F.3d 58, 63 (2d Cir. 2001).

Here, even at this preliminary, pre-discovery stage, the known evidence supports veil piercing.

### (1) **Disregard of corporate formalities**

VIGOROUS SHIPPING attempts to downplay the lack of corporate separateness and formalities by alleging that the business organizations utilized by Defendants are "typical of all shipping companies." DE 15, p. 13. This self-serving statement (without citation or factual support) glosses over Defendants' lack of corporate formalities and irrelevantly seeks to excuse the (mis)conduct on the grounds that 'everybody else does it.' If Defendant's contention is accurate, then it further supports Plaintiff's request for discovery in this matter.

The Gourdomichalis brothers, by and through BLUE WALL and PHOENIX, dominate and control each and every vessel in the BLUE WALL fleet and all single-purpose entities which are the nominal owners of the vessels.[9] Defendant VIGOROUS SHIPPING's only asset is admittedly

---

[9] *See* DE 1, ¶50.

Page 17 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S
            OPPOSITION TO DEFENDANTS' MOTION TO
            VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

the M/V VIGOROUS, which is wholly owned by BLUE WALL. All of VIGOROUS SHIPPING's business is performed by PHOENIX and for the sole benefit of BLUE WALL. "An action to pierce the corporate veil does not deny a corporation's legal existence . . . [r]ather such an action charges that the corporation's owners used the corporation as a mere instrumentality or alter ego and disregarded corporate formalities." *Kertesz v. Korn*, 698 F.3d 89, 91 (2d Cir. 2012) (internal quotation omitted). Defendant VIGOROUS SHIPPING is merely a paper company, used as a mere instrumentality of the other Defendants BLUE WALL and PHOENIX by and through the Gourdomichalis brothers.

**(2) <u>Inadequate capitalization</u>**

ADAMASTOS SHIPPING was clearly inadequately capitalized as it was unable and failed to post suitable security in Brazil in order to permit the M/V ADAMASTOS to return to berth and continue loading the cargo of soyabeans after her mooring lines broke free and the vessel grounded. *See* DE 1, ¶¶ 8-22. Thereafter, rather than resolving the mounting claims, paying the port agents and service providers, paying its crew, and rectifying the deficiencies, ADAMASTOS SHIPPING, at the direction and control of the Gourdomichalis brothers and/or others acting at their instructions elected to abandon the Vessel. *Id.*, at ¶¶ 20 – 30.

In his self-serving declaration, Efstahios Gourdomichalis states without support that VIGOROUS SHIPPING is "not inadequately capitalized." DE 16, ¶ 8. Mr. Gourdomichalis' grounds for the statement is based on nothing more than the bare representation that VIGOROUS SHIPPING "owns" an asset, the Vessel VIGOROUS. *Id.* However, it is clear that the actual

Page 18 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S
OPPOSITION TO DEFENDANTS' MOTION TO
VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

beneficial owner of the Vessel is Defendant BLUE WALL and in fact if VIGOROUS SHIPPING was properly capitalized and/or was truly independent, it would have posted substitute security for the claim.

### (3) Intermingling of funds

Defendants allege that there has been no improper intermingling of funds or corporate accounts between any of the Defendants. DE 16, ¶ 11; DE 17, ¶¶ 14-18.  However, Defendants have submitted no evidence to support such an allegation beyond their self-serving declarations. Parenthetically, the intermingling of funds may be demonstrated in numerous ways beyond simply sharing a bank account, including but not limited to the payment of insurance premiums, the payment of interest and principal amounts on Vessel mortgages, payments of debts and obligations to third parties, etc.  Plaintiff expects to obtain information and documentation to support this factor through written discovery and depositions.

### (4) Overlap in ownership, officers, directors, and personnel

The Gourdomichalis brothers are the primary beneficial owners of all the Defendants in this matter. DE 1, ¶¶ 32-74.[10] George and Efstahios Gourdomichalis established BLUE WALL in 2013 for the purpose of owning and operating a fleet of vessels.  *See* DE 1, Exhibit 4.   George Gourdomichalis also established PHOENIX as a shipmanagement company which would control all of the vessels which the Gourdomichalis brothers own. Defendant misleadingly claims that ADAMASTOS SHIPPING, BLUE WALL, PHOENIX, AND VIGOROUS SHIPPING are

---

[10] In an effort not to bog this "emergency" proceeding down, Plaintiff has not reproduced each and every exhibit it has already filed in the record in this matter and instead will refer to the docket entries for each.  If the Court would like, Plaintiff can re-produce them all.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

independently owned and not the alter-egos of the other. In fact, Defendant's threadbare declarations demonstrate that the Defendants are part of a convoluted network of closely owned and privately held companies used to disguise George and Stathis Gourdomichalis' exertion of ownership and control over BLUE WALL, PHOENIX SHIPPING, vessels M/V ADAMASTOS and the M/V VIGOROUS, and the single-purpose entitles ADAMASTOS SHIPPING AND VIGOROUS SHIPPING.

One only need to look as far as BLUE WALL's own website where it trumpets the Gourdomichalis brothers as the founders and controlling interests in the company and BLUE WALL states that: "It operates **wholly owned**, top quality dry bulk vessels. BLUE WALL has built a strong balance sheet, **owns cash flow generating vessels** and is well positioned for growth through the cycle." DE 1, Exhibit 5. George Gourdomichalis established the company PHOENIX and serves as its Chief Executive Officer. *Id.* In addition, George Gourdomichalis has assumed the position as Chief Executive Officer of BLUE WALL and alongside his brother Efstahios Gourdomichalis who is the Chief Operating Officer of BLUE WALL. *Id.* As CEO of both BLUE WALL and PHOENIX, George Gourdomichalis chose to use his own company, PHOENIX, as the "manager/operator" to BLUE WALL's fleet of vessels. *See* DE 1; DE 15. Numerous decisions in the context of maritime attachment and garnishment under Rule B hold that overlapping ownership, officers, directors, and personnel are <u>significant</u> factors to be considered in undertaking a corporate veil piercing enquiry. *See, e.g., Classic Maritime Inc. v. Limbungan Makmur Sdn Bhd*, 646 F. Supp. 2d 364, 370-71 (S.D.N.Y. 2009) (overlap in officers and directors).

George and Efstahios Gourdomichalis, by and through their companies BLUE WALL and PHOENIX, use numerous entities in order to create an "on paper" separation of the entities to

Page 20 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S
OPPOSITION TO DEFENDANTS' MOTION TO
VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

avoid their liability for all damages caused by the abandonment of the M/V ADAMASTOS. In fact, the Defendants are all owned, dominated, and controlled by the Gourdomichalis brothers and used for a single purpose to commercially own and operate ships to the benefit of themselves. *See Budisukma Permai Sdn v. N.M.K. Products & Agencies*, 606 F. Supp. 2d 391, 399 (S.D.N.Y. 2009) (alter ego defendants closely owned and directed by the same group of people).

**(5) Common office space, address and telephone numbers of corporate entities**

Defendants all have the same corporate address, care of Phoenix Shipping and Trading, 47-49 Akti Miaouli, 5th Floor, Piraeus, 18536. *See* DE 1, Exhibit 8, 9. Similarly, BLUE WALL's website does not provide any separate contact information for PHOENIX, and lists PHOENIX's contact number of "+30 2104138780" for BLUE WALL's "Holding" and "Technical and Commercial" inquiries. *See* DE 1, Exhibit 8. BLUE WALL does not identify or provide separate contact information for VIGOROUS SHIPPING, despite the M/V VIGOROUS being owned by both BLUE WALL and VIGOROUS SHIPPING. The Defendants have no other physical presence, office, telephone lines, fax numbers, utilities, or existence separate and apart from PHOENIX. The sharing of the same business address has been held to be, along with other criteria, sufficient to provide reasonable grounds to support alter ego liability. *Classic Maritime Inc. v. Limbungan Makmur Sdn Bhd*, 646 F. Supp. 2d 364, 371 (S.D.N.Y. 2009).

**(6) The degree of discretion shown by the allegedly dominated corporation**

As stated previously, ADAMASTOS SHIPPING and VIGOROUS SHIPPING are nothing more than brass plate companies with no employees, offices, website, telephone lines, fax lines, and/or any other corporate formality beyond being registered in Liberia. These companies have

Page 21 -  PLAINTIFF PACIFIC GULF SHIPPING CO.'S
OPPOSITION TO DEFENDANTS' MOTION TO
VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

no discretion and no ability to perform any corporate function except by and through the control

exerted by the Gourdomichalis brothers and Defendant BLUE WALL.

**(7) <u>Whether the dealings between the entities are at arms-length</u>**

The Office of the Deputy Commissioner of Maritime Affairs for the Republic of Liberia

maintains copies of the mortgages for the M/V VIGOROUS and M/V ADAMASTOS, which

further connects the Defendants and establishes a failure to conduct arms-length transactions by

George and Stathis Gourdomichalis as the beneficial owners of the M/V VIGOROUS and the M/V

ADAMASTOS. *See* DE 1, Exhibits 3, Exhibit 10. Under the terms of the mortgage agreement

between the lending bank and ADAMASTOS SHIPPING, George Gourdomichalis was the sole

signatory of the agreement on behalf of ADAMASTOS SHIPPING. *See* DE 1, Exhibit 3.

The mortgage agreement for the M/V VIGOROUS was signed in connection with a

mortgage between VIGOROUS SHIPPING and CIT Finance LLC to secure a $24,150,000 loan

for Brazen Shipping & Trading S.A. (hereinafter "BRAZEN") and Dashing Shipping & Trading

S.A. (hereinafter "DASHING") both also owned by BLUE WALL. *See* DE 1, Exhibit 10. Under

the mortgage agreement, the collateral guarantor is VIGOROUS SHIPPING and the parent

guarantor is BLUE WALL. *Id.* Pursuant to Schedule 1, Part A of the mortgage agreement, all

communications under the Agreement shall be sent to "c/o Phoenix Shipping and Trading, 47-49

Akti Miaouli, 5th Floor, Piraeus, 18536." *Id.* Evidence that transactions are not arms-length include

when the parent obtains financing for the subsidiary by guaranteeing a loan, by providing security,

or subordinating the parent's debt to the loan provider. *See A&P Brush Mfg. Corp. v. NLRB*, 140

F.3d 216, 221 (2d Cir. 1998). Here, it is clear that VIGOROUS SHIPPING has no independent

authority as its single asset which it has represented to this Court establishes its 'adequate

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

capitalization' has been pledged in a mortgage for the benefit of BLUE WALL and two (2) other single purpose vessel shell companies.

**(8) <u>Whether the corporations are treated as independent profit centers</u>**

The entire business model of the Gourdomichalis brother's companies is to have the single purpose vessel entities generate income and profits for BLUE WALL (while maintaining the purported protection which comes from having separate brass plate companies). In reality, all of the Defendants are set up and organized in order to generate profits for BLUE WALL and in turn the Gourdomichalis brothers. *See, e.g.* DE 1, Exhibit 5 (wherein BLUE WALL's corporate statement confirms that it is the owner of a fleet of vessels all of which are strategically positioned in order to generate profits for BLUE WALL).

**(9) <u>Payment or guarantee of the corporation's debts by the dominating entity</u>**

As set forth above in factor 7, BLUE WALL and the Gourdomichalis brothers forced VIGOUROUS SHIPPING and the M/V VIGOROUS to serve as collateral for a mortgage which would secure the financing for two (2) other ships owned by BLUE WALL (and not by VIGOROUS SHIPPING). *Id.* As part of that agreement, VIGOROUS SHIPPING was designated as the collateral guarantor and agreed to guarantee all liabilities of BRAZEN and DASHING in the financial documents. DE 1, at Exhibit 10. Such guarantee was given without compensation or an arms-length contract because VIGOROUS SHIPPING, just like all other single purpose entities in the BLUE WALL fleet, is dominated and controlled by BLUE WALL.

**(10) <u>Intermingling of property between the entities</u>**.

Defendant BLUE WALL currently has a fleet of eight (8) vessels consisting of the M/V BRAZEN; M/V COURAGEOUS; M/V DAUNTLESS; M/V FEARLESS; M/V AUDACIOUS;

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

M/V DEFIANT; M/V INTREPID; and the M/V VIGOROUS. *See* DE 1, Exhibit 6. Each of these vessels has an entity listed as its nominal owner different from BLUE WALL; however, BLUE WALL ultimately controls these vessel-owning entities and the vessels themselves. *Id*. BLUE WALL regularly holds itself out as the owners and operators of the eight (8) vessels to the public. *See* DE 1, Exhibit 6. The parent using the subsidiary's property as its own is indicative of total domination of the subsidiary by the parent. *See United States v. Jon-T Chemicals, Inc.*, 768 F.2d 686, 691 (5th Cir. 1985). VIGOROUS SHIPPING has submitted various certificates demonstrating its purported "ownership" of the Vessel. *See* DE 19-3, 19-4, 19-5 (Permanent Certificate of Registry and Certificate of Ownership and Encumbrance for the M/V VIGOROUS). However, simply complying with the regulatory requirements of the Liberian Registry are insufficient to demonstrate compliance with corporate formalities to defeat Plaintiff's well-reasoned alter-ego allegations in support of piercing the corporate veil

### E.    Defendants Abuse of the Corporate Form has Caused Manifest Injustice to Plaintiff

On April 8, 2014, Defendant ADAMASTOS SHIPPING entered into a charter party agreement with Plaintiff and represented to Plaintiff that the M/V ADAMASTOS was seaworthy. *See* DE 1, Exhibit 2. Defendant PHOENIX as the technical manager and agent for Owners who completed the Charter Party agreement knew that the representation was false and a fraud as the M/V ADAMASTOS was unseaworthy; not fit for the purpose of loading, carriage, and discharge; not in compliance with all international regulations and/or requirements for any port, port of call, or country. *Id*. Defendants breached the charter party agreement and abandoned the M/V ADAMASTOS without remedying the deficiencies, loading the vessel, and delivering the cargo as required under the agreement.

Page 24 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S
OPPOSITION TO DEFENDANTS' MOTION TO
VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

BLUE WALL, PHOENIX, and the Gourdomichalis brothers now intend to operate its remaining fleet of vessels, including the M/V VIGOROUS with impunity, without providing Plaintiff with payment for the damages caused by their abandonment of the M/V ADAMASTOS in Brazil. *See* DE 1, Exhibit 2. To prove there has been a sham to perpetrate a fraud, claimants need only show constructive fraud. *See Sparling v. Doyle*, 2014 U.S. Dist. LEXIS 151113 *21 (W.D. Tex. 2014). Constructive fraud requires only a showing that permitting the separate corporate existence would bring about an inequitable result, neither fraud nor an intent to defraud need be shown. *Id.*

Plaintiff's allegations also properly set forth the reasonable grounds in support of the legal theory known as "reverse corporate veil piercing"[11] to attach the asset of the subsidiary VIGOROUS SHIPPING for the injustice and fraud committed by BLUE WALL, PHOENIX, ADAMASTOS SHIPPING, and the Gordomichalis Brothers. *See* DE 1 ¶¶ 8-86; *see also Asarco LLC v. Americas Mining Corp., 396 B.R. 278, 321* (S.D. Tex., 2008) (wherein the Court noted that in a circumstance where the subsidiary who owns the attached asset argued it had not committed any fraud against plaintiff – though other subsidiaries had – could still have its veil pierced. "To hold otherwise, would be stating that a party seeking to recover for the fraud or injustice that resulted from a sophisticated shell game is unable to pierce the corporate veil. In effect, a contrary

---

[11] In discussing the principles of reverse corporate veil piercing, the Fifth Circuit Court of Appeals has stated that the "slight variation" of the ordinary corporate veil piercing situation (*i.e.* – seeking to hold the shareholder liable for the acts of the corporation) "is of no consequence . . . because the end result under both views is the same – two separate entities merge into one for liability purposes." *Maiz v. Virani*, 311 F.3d 334, 346 at n. 11 (5th Cir. 2002). *See also, e.g.*, *Zahra Spiritual Trust v. U.S., 910 F.2d 240 (5th Cir.1990)*; *Seghers v. El Bizri*, 513 F.Supp.2d 694 (N.D. Tex., 2007).

Page 25 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S
             OPPOSITION TO DEFENDANTS' MOTION TO
             VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

conclusion would essentially recognize that a conglomerate can utilize each subsidiary to work one instance of fraud or injustice with impunity."). As set forth above, the Gourdomichalis brothers, by and through BLUE WALL and PHOENIX merely use their corporate subsidiaries including ADAMSASTOS SHIPPING and VIGOROUS SHIPPING, as pawns to evade its debts. There are reasonable grounds to sustain the attachment, and Plaintiff respectfully submits that Defendants' motion to vacate must be denied in its entirety.

### F. The Totality of Facts known at this time Supports a Finding that Reasonable Grounds exist to maintain the attachment pursuant to Plaintiff's alter-ego theory.

As demonstrated above, there is clearly a comingling of assets, management personnel, ownership, and officers among Defendants. While the companies may appear to be separate on paper (and only barely, at that), Plaintiff has presented an undeniable reasonable grounds for its attachment of the M/V VIGOROUS on the basis that the Defendants are alter-egos subject to the complete domination and control of BLUE WALL and PHOENIX by and through the Gourdomichalis Brothers.

Despite Defendant VIGOROUS SHIPPING's desperate allegations that Plaintiff must prove all its alter-ego allegations and/or have all of the information regarding the web of sham corporations created by Defendants to support the writ, that is not the standard of review and this Honorable Court should reject such arguments and sustain the attachment. *See Maersk, Inc. v. Neewra, Inc.*, 443 F. Supp. 2d 519, 530-31 (S.D.N.Y. 2006) ("Taken together, the Complaint and Plaintiff's extrinsic allegations describe an international web of suspect corporations and individual actors who employ tacit alliances and shifting identities as the primary tools of their malfeasance. In a case such as this, the Court will not permit [movant] to employ those same tools

Page 26 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S
             OPPOSITION TO DEFENDANTS' MOTION TO
             VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

to escape the attachment presently in dispute.").

When reviewing alter-ego allegations, a Plaintiff cannot be expected to obtain all evidence to support its allegations, where the Defendants are privately held corporations that have intentionally incorporated in offshore jurisdictions with limited disclosure requirements, in a manner which would make tracking them down difficult for creditors (and especially not in less than thirty-six (36) hours). As set forth above, Plaintiff is not required to prove its case at the Rule E(4)(f) proceeding, especially in the context of an alter ego attachment where discovery has not yet been had. *See Japan Line, Ltd. v. Willco Oil Ltd.*, 424 F. Supp. 1092, 1094 (D. Conn. 1976) (Newman, J.).    This Court should be "<u>*concerned with reality and not form*</u>, [and with] how the corporation operated." *United States v. Jon-T Chemicals, Inc.*, 768 F.2d 686, 693 (5th Cir.1985) (emphasis added). Here, that reality of the Defendants' relationship would be completely distorted if the Court limited its review only to the self-serving and conclusory declarations issued by the Gourdomichalis brothers in this case to purportedly demonstrate that the companies are "separately incorporated" and follow all corporate formalities.

### IV.    THE DOCTRINE OF *RES JUDICATA* IS INAPPLICABLE HERE

VIGOROUS SHIPPING presents a legally disingenuous and factually misleading alternative argument in support of vacatur of the Rule B attachment based on the legal doctrine of *res judicata*.  Defendant claims that the issues raised in this Rule B attachment action have already been resolved in South African arrest proceedings and/or through a preliminary arbitration ruling by the London Maritime Arbitrators Association ("LMAA"). To invoke the doctrine of *res judicata*, the moving party must establish that a claim in a subsequent action "relates to the same primary right as a claim in a prior action, the prior judgment was final and on the merits, and the plaintiff was a party or in privity with a party in the prior action." *Oregon Natural Desert Ass'n v.*

Page 27 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S OPPOSITION TO DEFENDANTS' MOTION TO VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

*Green*, 953 F. Supp. 1133, 1149, (D. Ore. 1997)(citing *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1035-36 (9th Cir. 1990)(quotations omitted), *cert. denied*, 502 U.S. 957, 116 L. Ed. 2d 437, 112 S. Ct. 417 (1991).   The failure by the moving party to demonstrate any of the three (3) conjunctive requirements for the doctrine of *res judicata* to apply will defeat the application. *Id*. Here, at least two (2) out of the three (3) required elements are missing.

### A.    The South African Proceedings

As set forth in the accompanying declaration of Solicitor Michael Fitzgerald, the 2015 arrest of the M/V VIGOROUS was based on the associated ship doctrine law under South Africa's Admiralty Jurisdiction Regulation Act ("AJRA") 105 of 1983.   Justice Vahed's decision was a preliminary ruling without prejudice to Plaintiff bringing the claim again in South Africa (should the requirements of Section 5(3) of the AJRA be met). *Id*., at ¶¶ 9-12.  Plaintiff's Verified Complaint included reference to the South African proceedings and made clear that Justice Vahed's Order applied a foreign law, did not include three (3) of the parties who are named in this action, did not include the substantive corporate veil piercing allegations contained in the Verified Complaint here, and was decided on *ex parte*, preliminary pleadings without the benefit of disclosures, discovery, depositions, and/or a trial or evidentiary hearing on the merits.  DE 1, ¶¶ 82-85.  Justice Vahed's decision was not a final judgment and has no preclusive effect, as such the doctrine of *res judicata* does not apply.

### B.    The London Arbitration Proceedings

The preliminary ruling in the London arbitration proceeding also does not give rise to the doctrine of *res judicata*. The limited question before the Tribunal was one of contract interpretation, namely whether PHOENIX could be included in the arbitration between PGS and

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

ADAMASTOS SHIPPING as an additional signatory to the charter party agreement. *See* DE 1, Exhibit 1. The Tribunal, applying English law, held that there was not sufficient evidence to establish a contractual right to include PHOENIX as a defendant in the underlying arbitration proceedings. There was never an alter ego argument presented or an attempt to pierce the corporate veil in the London arbitration proceedings. Accordingly, there has been no final judgment on the alter ego issues pending before the Court in this matter by the LMAA and *res judicata* does not apply.

Defendant's deliberate obfuscation of the facts and misleading arguments concerning the procedural background and legal status of the South African proceedings and LMAA arbitration proceedings are par for the course in how Defendants conduct their business and should not be well-received by this Court. The only way to untie the Defendant's corporate shams and Gordian knot of interrelated companies is to permit discovery.

## V.    THIS COURT SHOULD EXERCISE ITS EQUITABLE DISCRETION TO SUSTAIN THE ATTACHMENT

The Supreme Court has recognized, "equity is no stranger in admiralty; admiralty courts are, indeed, authorized to grant equitable relief." *Vaughan v. Atkinson*, 369 U.S. 527, 530 (1962); *see also Lewis v. S. S. Baune*, 534 F.2d 1115, 1120 (5th Cir. 1976). In *Swift & Co.*, the Supreme Court stated that it "find[s] no restriction upon admiralty by chancery so unrelenting as to bar the grant of any equitable relief even when that relief is subsidiary to issues wholly within admiralty jurisdiction." *Swift & Co. v. Compania Caribe*, 339 U.S. 684, 691-692 (1950). This equity principle was also articulated by the Second Circuit in *Greenwich Marine, Inc. v. S.S. Alexandria*, 339 F.2d 901, 905 (2d Cir. 1965) ("[t]he inherent power to adapt an admiralty rule to the equities of a particular situation is entrusted to the sound discretion of the district court sitting as an

Page 29 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S
             OPPOSITION TO DEFENDANTS' MOTION TO
             VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

admiralty judge, and not to the circuit judges sitting in review.")

Here, the Defendants have engaged in a pattern of fraudulent conduct in order to shield their assets and avoid liability to PGS. As set forth above, the Rule E(4)(f) hearing does not require maritime plaintiffs to prove their case at this stage, but just to demonstrate reasonable grounds to sustain the attachment. Plaintiff has satisfied its burden, but expects to obtain even further evidence of Defendants' alter-ego relationship once discovery is completed.  Plaintiff respectfully requests that this Honorable Court exercise its equitable discretion to sustain the Rule B attachment.

## CONCLUSION

WHEREFORE, for the reasons more fully stated above, Plaintiff respectfully requests that this Court deny Defendant's Motion to Vacate in its entirety, order expedited discovery, and for such other and just relief as Plaintiff may be entitled to.

Dated this 11th day of December 2018.

Respectfully submitted,

CHALOS & CO, P.C.

BY:    *S/BRITON P. SPARKMAN*
         Briton P. Sparkman
         *Admitted Pro Hac Vice*
         Email: bsparkman@chaloslaw.com
         Telephone: 516.714.4300
         Facsimile: 516.750.9051

and

SCHWABE, WILLIAMSON & WYATT, P.C.

BY:    *S/DAVID R. BOYAJIAN*
         DAVID R. BOYAJIAN, OSB #112582

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

dboyajian@schwabe.com
Kent Roberts, OSB #801010
Email: ckroberts@schwabe.com
Telephone: 503.222.9981
Facsimile: 503.796.2900

Page 31 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S
             OPPOSITION TO DEFENDANTS' MOTION TO
             VACATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1