IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | | |
|---|---|---|
| PACIFIC GULF SHIPPING CO., | § § § § § § | |
| Plaintiff | | |
| v. | | |
| ADAMASTOS SHIPPING & TRADING SA, VIGOROUS SHIPPING & TRADING SA, BLUE WALL SHIPPING LTD, AND PHOENIX SHIPPING & TRADING SA | § § § § § § § § § § | IN ADMIRALTY |
| Defendants | § | |

My name is Michael John Fitzgerald. I am over the age of 21 years and am fully capable and competent of making this declaration and declare that the following facts are true and correct and the penalty of perjury under the laws of the United States of America pursuant to Tile 28 U.S.C. Section 1746.

I am an admitted advocate, a senior counsel, registered as an advocate of the High Court of South Africa and have practised as such since March 1978 at Huguenot Chambers, Queen Victoria Street, Cape Town, South Africa.

I am familiar with the underlying facts and the disposition of the case, number A63/2015 : Name of Ship – MV "Vigorous" in the matter between Pacific Gulf Shipping Company Limited, the MV "Vigorous" and Vigorous Shipping & Trading SA before the High Court of South Africa (Kwazulu-Natal Local Division, Durban). I was the barrister responsible for settling the application papers in that matter.

Whilst I confirm the contents of Mr Holloway's affidavit to be true and correct as to what factually transpired in those proceedings, I state as set out below:

1      In terms of Section 5(3)(a) of the Admiralty Jurisdiction Regulation Act 105 of 1983 ("**AJRA**"), a court may, in the exercise of its admiralty jurisdiction, order the arrest of any property for the purpose of providing security for a claim which is or may be the subject of an arbitration or any proceedings contemplated, pending or

proceedings either in South Africa or elsewhere and whether or not it is subject to the law of South Africa if the person seeking the arrest has a claim enforceable by an action *in personam* against the owner of the property concerned or an action *in rem* against such property or which would be so enforceable, but for any such arbitration or proceedings.

2      This procedure is a claim for security and is separate and an ancillary issue between the parties collateral to and not directly affecting the main dispute[1].

3      In the circumstances, upon the arrest of property as security, its owner is entitled to put up security to the value of the vessel in order to secure its release from arrest.

4      The security to be provided is limited to the value of the property arrested, notwithstanding the fact that the claim may exceed that value[2].

5      Where security is thus provided, the same property may not be arrested again to provide additional security.

6      A party is, however, entitled in terms of section 5(2)(b) of the AJRA to supplement any security held by it upon satisfaction of the jurisdictional requirements set out in that section.

7      In the current matter, the arrest of the vessel has been vacated on the grounds set out by Vahed J in his reasons.

8      Once the arrest was therefore set aside, the arrest is vacated *ab initio*.

9      Although no appeal has been lodged against the order of Vahed J, provided that the requirements set out in section 5(3) of the AJRA are satisfied, the vessel can be rearrested in South Africa as an associated ship and as security for a claim against an associated vessel.

10     The court in this instance was of the view that insufficient evidence was before it to meet the onus of establishing the alleged association as required in terms of sections 3(6) and 3(7) of AJRA.

11     It was for this reason that the arrest was set aside.

---

[1] Admiralty Jurisdiction Law and Practice in South Africa – Second Edition by Gys Hofmeyr SC BA LLB (Cape Town) – page 173.
[2] The Zlatni Piasatzi 1997 (2) SA 569 (C).

12      It thus remains open to the plaintiff, if it can place sufficient facts before the court to establish the alleged association again to invoke section 5(3) and/or 5(2)(b) of the AJRA, and to seek the arrest of the vessel or any associated vessel.

EXECUTED AT CAPE TOWN ON THIS THE 11th DAY OF DECEMBER 2018

**MICHAEL JOHN FITZGERALD SC**

Advocate of the High Court of South Africa