**David R. Boyajian**, OSB #112582
Email: dboyajian@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Briton P. Sparkman**, Admitted PHV
Email: bsparkman@chaloslaw.com
CHALOS & CO, P.C.
55 Hamilton Avenue
Oyster Bay, NY 11771

    Attorneys for Plaintiff, Pacific Gulf Shipping Co.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PACIFIC GULF SHIPPING CO.,**<br><br>    Plaintiff,<br><br>vs.<br><br>**ADAMASTOS SHIPPING & TRADING S.A., VIGOROUS SHIPPING & TRADING S.A., BLUE WALL SHIPPING LTD., and PHOENIX SHIPPING & TRADING S.A.**<br><br>    Defendants. | No. 3:18-CV-02076-MO<br><br>Admiralty<br><br>**PLAINTIFF PACIFIC GULF SHIPPING CO.'S BRIEF IN OPPOSITION TO DEFENDANT'S REQUEST FOR SECURITY BOND** |

    COMES NOW, Plaintiff, PACIFIC GULF SHIPPING CO. (hereinafter "PGS" or "Plaintiff"), by its undersigned counsel, and submits this Memorandum of Law, the Second Declaration of Advocate Michael John Fitzgerald ("Fitzgerald Decl."), and the Declaration of

Page 1 -   PLAINTIFF PACIFIC GULF SHIPPING CO.'S OPPOSITION TO DEFENDANT'S REQUEST FOR SECURITY BOND
PDX\132837\238641\DBO\22553030.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Solicitor Edward Mills-Webb ("Mills-Webb Decl.") in opposition to Defendant VIGOROUS SHIPPING & TRADING S.A.'s ("Vigorous Shipping" or "Defendant") request during the December 12, 2018 hearing for a security bond. For the reasons more fully set forth below, it is respectfully submitted that Defendant's request should be denied in its entirety.

**PROCEDURAL BACKGROUND**

During oral argument on Defendant's Rule E(4)(f) motion to vacate, Vigorous Shipping requested that the Court "in its discretion . . . that some type of bond be posted, given the serious ramifications of what will happen going forward if the attachment is not vacated." Tr. p. 38:16-20. When pressed, Defendant asserted that the bond would be "offered for 30 days that they would have to post for damages. . ." *Id*., at p. 22-25. Defendant did not cite to any specific Supplemental Admiralty Rule or case authority for the proposition that Plaintiff should post security in the form of a bond, but referred to the Court's equitable powers in equity for a bond in the range of $20,000 to $25,000 per day. *Id*., at p. 39. Plaintiff objected to the bond request on the grounds that Defendant did not qualify for security under either Supplemental Rule E(2)(b) or E(7). *Id*., at pp. 39-41.

Following a brief recess, the Court denied the motion to vacate, granted Plaintiff's request for discovery, and ruled that the parties should submit supplemental briefing on two (2) main questions: "What went on in those hearings that does or doesn't undercut the showing being made here today; and what's different about the showing being made here today than the showing being made in either of those two tribunals." *Id*., at p. 48:7-11. It is respectfully submitted that the LMAA Tribunal Final Partial Award and the South African Associated Ship Arrest Proceedings involved foreign law reviewing very limited factual and legal issues. The reasonable grounds in

Page 2 - PLAINTIFF PACIFIC GULF SHIPPING CO.'S
OPPOSITION TO DEFENDANT'S REQUEST FOR
SECURITY BOND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

support of the attachment shown by Plaintiff during the Rule E(4)(f) hearing is not undercut by the prior foreign proceedings; because those proceedings did not consider (let alone rule upon), the robust series of corporate veil piercing factors and evidence which were submitted to this Court to sustain the attachment on the corporate alter-ego theory that Defendants Blue Wall Shipping Ltd. ("Blue Wall") and Phoenix Shipping & Trading S.A. ("Phoenix"), by and through the Gourdomichalis brothers, dominate and control the nominal vessel owners Vigorous Shipping & Trading S.A. ("Vigorous Shipping") and Adamastos Shipping & Trading S.A. ("Adamastos Shipping") such that they form a single economic enterprise. As Plaintiff's robust allegations contained in the Verified Complaint (DE 1), Opposition to the Motion to Vacate (DE 28), and during the Rule E(4)(f) hearing; piercing the corporate veil is also necessary and warranted in this matter to prevent manifest injustice to the Plaintiff.

## I. THE FOREIGN PROCEEDINGS DO NOT UNDERCUT PLAINTIFF'S SUBMISSIONS IN SUPPORT OF PIERCING THE CORPORATE VEIL

### A. The London Arbitration Proceedings

There can be no reasonable dispute that the issue before the London Maritime Arbitrators Association ("LMAA") Tribunal was one of limited contractual interpretation and construction. There were absolutely no allegations of corporate alter-ego or piercing the corporate veil before the LMAA Tribunal. *See* Solicitor Edward Mills-Webb Decl., at ¶¶ 20-22. Plaintiff PGS brought an action against Phoenix seeking to include it in arbitration proceedings on the grounds that Phoenix was the correct party to the charter party as Owners of the M/V ADAMASTOS. *Id.*, at ¶ 13. Following written submissions (and no formal evidentiary hearings or oral arguments), the Tribunal entered a Partial Final Award on the Application and declared "that Phoenix was not a

Page 3 - PLAINTIFF PACIFIC GULF SHIPPING CO.'S OPPOSITION TO DEFENDANT'S REQUEST FOR SECURITY BOND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

party to the charter party and that PGS was not therefore entitled to bring arbitration proceedings against Phoenix in respect of any dispute arising under the charter party." *Id*., at ¶¶ 16-17.

The Tribunal did not consider ***any*** issues or facts in respect of corporate veil piercing or alter-ego arguments which are present and have been presented in this matter. *See* DE 1, DE 28. The Partial Final Award was reached purely on construction of the charter party contract under applicable English law and did not render a decision on any legal or factual issue in this case, *i.e*. whether the corporate veil of Defendants should be pierced. Mills-Webb Decl., at ¶20. There were no allegations of domination and control and/or of manifest injustice or fraud presented to the LMAA and none of the facts present in these proceedings were considered by the LMAA Tribunal. *Id*., at ¶ 22. The Partial Final Award answered an extremely limited and narrow question under English law concerning the scope of the agreement to arbitrate in the charter party and the applicable parties to same. *Id*., at ¶ 20.

### B. The South African Proceedings

As set forth in the accompanying second declaration of Advocate Michael Fitzgerald, the 2015 arrest of the M/V VIGOROUS was to obtain security for PGS's underlying claim, pursuant to Section 5(3)(a) of Admiralty Jurisdiction Regulation Act ("AJRA") 105 of 1983. Fitzgerald, ¶ 6; *see also* DE 29. The legal theory supporting the action was the allegation that the M/V VIGOROUS was associated with the M/V ADAMASTOS, such that it could be arrested for the claim for damages arising from the abandonment of the M/V ADAMASTOS in Brazil in 2014. *Id.*, at ¶ 7.

Under South African law, Sections 3(6) and (7) of AJRA permit the arrest of an associated vessel in the place of the concerned vessel if common ownership or control in accordance with

Page 4 -   PLAINTIFF PACIFIC GULF SHIPPING CO.'S
            OPPOSITION TO DEFENDANT'S REQUEST FOR
            SECURITY BOND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

those sections is established. *Id*., at ¶8. The South African case which provides the leading legal summary of associated ship arrest is *Owners of the MV Silver Star v Hilane Limited*, 2015 (2) SA 331 SCA ("Silver Star"), which was cited by Justice Vahed. *Id.*, at ¶ 9. The critical legal principle supporting associated ship arrest under South African law was defined by that Court as follows: "The purpose of the Act is to make the loss fall where it belongs by reason of ownership, and in the case of a company, ownership or control of the shares." *Id*. (citations omitted).

The AJRA introduced a novel concept of an associated ship arrest, the purpose of which was to ensure that the "*loss fell where it belongs*." *Id*., at ¶ 9. An associated ship arrest thus provides a remedy beyond the traditional theory of sister ship arrest contained in the Arrest Convention (which allows arrest of vessels owned by the same company), to include "associated" arrest if the nominal owners are owned or controlled by the same person or companies, owned by a common person. *Id*., at ¶ 10. Accordingly, the question of fact under SA law which was pending before Justice Vahed was to determine and identify the person (or entity) who controls the ship owning companies in question. *Id*. In the SA proceedings, PGS did allege common ownership and control through the Gourdomichalis brothers (and by extension Blue Wall). *Id*., at ¶ 11.

However, the challenge to the arrest of the m/v VIGOROUS, by Vigorous Shipping, sought reconsideration of the order pursuant to Uniform Rule 6(12)(c) without filing any affidavits and focused its argument on the fact that Blue Wall has numerous other 'shareholders' who are not the Gourdomichalis brothers. *Id*., at ¶ 12. Accordingly, since PGS did not have the ability to establish common ownership and control to sustain the arrest, Justice Vahed released the vessel. *Id*. In the South African proceedings, Justice Vahed's enquiry was confined to whether the PGS had established the alleged association in light of the criteria set out in Sections 3(6) and (7) of AJRA.

Page 5 -    PLAINTIFF PACIFIC GULF SHIPPING CO.'S
            OPPOSITION TO DEFENDANT'S REQUEST FOR
            SECURITY BOND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

To that extent, the principal issue in SA was whether *as a fact* the association alleged had been established. *Id*., at ¶13.

Although the Reasons for Judgment found that there was not enough to justify "association" under SA law, those proceedings did not include the same factual allegations present in this matter, specifically that the Defendants were all part of a single economic enterprise and that the corporate veil of the companies could be pierced based on domination and control and/or a theory of manifest injustice or fraud. *See* DE 1; Fitzgerald Decl., at ¶¶ 14-15. The Court in South Africa did not have (or consider) the numerous pertinent facts which were reviewed by this Court in determining that reasonable grounds had been met to sustain the attachment on a theory of corporate veil piercing, including but not limited to:

  a. all defendants utilize the same notice address care of Phoenix Shipping;

  b. no physical presence, employees, phones, faxes, emails, or websites for the nominal vessel owning companies;

  c. no consideration of the fact that Vigorous Shipping (and Adamastos Shipping before it) take no business decisions in their own right;

  d. no review or analysis of the vessels in the Blue Wall fleet being cross-collateralized for the benefit of Blue Wall only;

  e. no examination of the failure by the nominal vessel owning entities Adamastos Shipping and Vigorous Shipping to be properly capitalized; and

  f. no analysis of the overlapping roles which the Gourdomichalis brothers play as the founders, officers, and directors of Blue Wall and Phoenix and how they use those positions to dominate and control the nominal vessel owners.

*Id.*, at ¶ 16; *cf*. DE 1, DE 28.

Justice Vahed's Reasons for Judgment were based on a very limited factual record and a narrow preliminary legal question to determine whether PGS had submitted sufficient factual

Page 6 -   PLAINTIFF PACIFIC GULF SHIPPING CO.'S
           OPPOSITION TO DEFENDANT'S REQUEST FOR
           SECURITY BOND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

allegations to satisfy the requirements for associated ship ownership under South African Law. *Id.*, at ¶18. Critically, and in further support of the fact that the facts and allegations are more comprehensive in the present matter is the fact that Justice Vahed's decision, while final, would not prevent Plaintiff from commencing a new arrest of the M/V VIGOROUS (or any other vessel said to be associated with the MV ADAMASTOS) upon a showing of a factual basis to support the arrest. *Id.*, at ¶ 18. The reasons for judgment furnished by Justice Vahed are binding only to the limited factual record which was before the Court at the time, the decision does not foreclose PGS from bringing forth new facts or allegations in support of an associated arrest in the future. *Id*. Most importantly, Justice Vahed's Reasons for Judgment did not undertake a factual analysis or issue a legal opinion on the primary question pending before this Court: namely whether Vigorous Shipping, Blue Wall, Phoenix, and Adamastos Shipping are alter-egos such that the corporate veil should be pierced. *Id.*, at ¶ 19.

Simply put the two (2) decisions from the LMAA Tribunal and the SA Associated Ship Arrest proceeding do not "undercut" this straightforward case of piercing the corporate veil and it is respectfully submitted that no bond should be required. Tr., p. 48:12-16.

## II. <u>DEFENDANT IS NOT ENTITLED TO A SECURITY BOND</u>

The Supplemental Admiralty Rules set forth limited and clear grounds pursuant to which a security bond may be issued by the Court. Here, none of the grounds supporting a bond are present and as such, Vigorous Shipping's application should be denied in its entirety.

### A. **Supplemental Rule E(2)(b) only Provides Security for "Recoverable Costs"**

Supplemental Admiralty Rule E(2)(b) governs security for costs. Rule E(2)(b) provides:

> Subject to the provisions of Rule 54(d) and of relevant statutes, the court may, on the filing of the complaint or on the appearance of any defendant, claimant, or any

Page 7 - PLAINTIFF PACIFIC GULF SHIPPING CO.'S OPPOSITION TO DEFENDANT'S REQUEST FOR SECURITY BOND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

other party, or at any later time, require the plaintiff, defendant, claimant, or other party to give security, or additional security, in such sum as the court shall direct to pay all costs and expenses that shall be awarded against the party by any interlocutory order or by the final judgment, or on appeal by any appellate court.

Defendant argued during the December 12, 2018 that it was requesting security of approximately $20,000 per day to protect against the loss of hire, and various running expenses for the Vessel while she remained under attachment.[1] Rule E(2)(b) is not the proper vehicle for Defendant to obtain a bond for potential damages and vessel operating costs. Rule E(2)(b) ***only*** entitles a defendant to request security be posted for "Court" costs—and even then, only in select circumstances. "[A]n attaching plaintiff may be required to post security under Supplemental Rule E(2)(b) only for a very limited range of costs in connection with the attachment." *Result Shipping Co. v. Ferruzzi Trading USA Inc.*, 56 F.3d 394, 402 (2d Cir. 1995). Underscoring this point, the Ninth Circuit Court of Appeals has recently affirmed that Federal Courts may not award costs beyond those grounded on an explicit grant of statutory authority. *Bunker Holdings Ltd. v. Yang Ming Liber. Corp.*, 906 F.3d 843, 847 (9th Cir. 2018). Accordingly, Defendant is not entitled to a security bond pursuant to Supplemental Rule E(2)(b) which specifically limits the recovery of costs to those authorized by FRCP Rule 54(d) (and by extension 28 U.S.C. § 1920 and § 1921. None of which are applicable in this matter.

### B. Supplemental Rule E(7) Countersecurity is Inapplicable

It is similarly unclear if Defendant was seeking security on a theory of a right to "countersecurity" pursuant to Supplemental Rule E(7). As discussed during the hearing on

---

[1] Although no documents have been cited by Defendant in support of the alleged expenses and costs and no authority cited for security for such items.

Page 8 -   PLAINTIFF PACIFIC GULF SHIPPING CO.'S
OPPOSITION TO DEFENDANT'S REQUEST FOR
SECURITY BOND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

December 12, 2018, countersecurity under Supplemental Rule E(7), is limited to security needed for "damages demanded in [a] counterclaim" arising "from the transaction or occurrence that is the subject of the original action." *Id.* Counterclaims falling within the purview of Supplemental Rule E(7) and required countersecurity are akin to compulsory counterclaims under Rule 13(a) of the Federal Rules of Civil Procedure.

Here, Defendant has not filed a responsive pleading and has not alleged a counterclaim. As such, there is no right to countersecurity under the Supplemental Admiralty Rule E(7). *See also Swaidan Trading Co., LLC v. M/V Donousa*, 2018 U.S. Dist. LEXIS 116821, *9-10, 2018 AMC 2051 (D. Ore. 2018) (Hernandez, J.) (holding that Defendant shipowner was not entitled to countersecurity for an alleged wrongful attachment claim because it did not arise from the same transaction and occurrence of the underlying breach of contract claim and Defendant was not going to be able to demonstrate Plaintiff "acted in bad faith, with malice, or with gross negligence in filing this action.").

### C. Local Oregon Rule 1020-1 Sets Security at $500.

Plaintiff respectfully submits that to the extent this Court directs the posting of a bond for security for costs at all, it should be limited to $500 as contemplated by Local Rule 1020-1 in the District of Oregon. Defendant has cited to no authority in its Motion to Vacate, Supporting Declarations, and/or during the December 12, 2018 oral argument which supports a basis for security beyond the quantum contemplated under the local rules.

### D. This Court Should Exercise its Equitable Discretion to Deny the Security Bond.

The Supreme Court has recognized, "equity is no stranger in admiralty; admiralty courts are, indeed, authorized to grant equitable relief." *Vaughan v. Atkinson*, 369 U.S. 527, 530 (1962);

Page 9 - PLAINTIFF PACIFIC GULF SHIPPING CO.'S OPPOSITION TO DEFENDANT'S REQUEST FOR SECURITY BOND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

*see also Lewis v. S. S. Baune*, 534 F.2d 1115, 1120 (5th Cir. 1976). Defendants have engaged in a pattern of domination and control and various fraudulent conduct in an effort to shield their assets and avoid liability Plaintiff. The decisions from the foreign proceedings do not undercut Plaintiff's theory of alter-ego in this case, in fact they were decided on different legal theories and factual grounds from those which are present in this case. Defendant has not provided the Court with any citation to the Supplemental Admiralty Rules and/or legal case law which supports Defendants' request for security bond. Plaintiff respectfully requests that this Honorable Court exercise its equitable discretion to deny the application.

## CONCLUSION

WHEREFORE, for the reasons more fully stated above, Plaintiff respectfully requests that this Court deny Defendant's Application for Security Bond for Costs, and for such other and just relief as Plaintiff may be entitled to.

Dated this 17th day of December 2018.

> Respectfully submitted,
>
> CHALOS & CO, P.C.
>
> BY:  *S/BRITON P. SPARKMAN*
> Briton P. Sparkman
> *Admitted Pro Hac Vice*
> Email: bsparkman@chaloslaw.com
> Telephone: 516.714.4300
> Facsimile: 516.750.9051
>
> and
>
> SCHWABE, WILLIAMSON & WYATT, P.C.
>
> BY:  *S/DAVID R. BOYAJIAN*
> DAVID R. BOYAJIAN, OSB #112582

Page 10 - PLAINTIFF PACIFIC GULF SHIPPING CO.'S OPPOSITION TO DEFENDANT'S REQUEST FOR SECURITY BOND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1

dboyajian@schwabe.com
Kent Roberts, OSB #801010
Email: ckroberts@schwabe.com
Telephone: 503.222.9981
Facsimile: 503.796.2900

Page 11 -   PLAINTIFF PACIFIC GULF SHIPPING CO.'S
            OPPOSITION TO DEFENDANT'S REQUEST FOR
            SECURITY BOND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\132837\238641\DBO\22553030.1