David R. Boyajian, OSB #112582
Email: dboyajian@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Briton P. Sparkman, Admitted PHV
Email: bsparkman@chaloslaw.com
CHALOS & CO, P.C.
55 Hamilton Avenue
Oyster Bay, NY 11771

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PACIFIC GULF SHIPPING CO., <br><br> Plaintiff, <br><br> vs. <br><br> ADAMASTOS SHIPPING & TRADING S.A., VIGOROUS SHIPPING & TRADING S.A., BLUE WALL SHIPPING LTD., and PHOENIX SHIPPING & TRADING S.A. <br><br> Defendants. | No. 3:18-CV-02076-MO <br><br> Admiralty <br><br> SECOND DECLARATION OF MICHAEL JOHN FITZGERALD |

I, Michael John Fitzgerald, declare as follows:

1. I am over the age of 21 years and am fully capable and competent of making this declaration. I have personal knowledge of the facts below and declare that the following facts are

Page 1 -  SECOND DECLARATION OF MICHAEL JOHN FITZGERALD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

true and correct under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746.

2. As previously discussed in my first declaration, I was admitted as an attorney of the High Court of South Africa ("SA") in 1977 and as an advocate of the High Court of SA in 1978, after my voluntary removal from the roll of attorneys. I have practised as an advocate in SA since 1978 and in 1995 I was issued with my letters patent and appointed to Senior Counsel status - the equivalent of an English Queen's Counsel.

3. I acted as a Judge of the High Court of SA, Western Cape Division in January 1997 for a period of six (6) months and have subsequently on two (2) further occasions acted as a Judge.

4. My practice is primarily commercial in nature and I regularly appear in the Supreme Court of Appeal in shipping matters. A large portion of my practice involves maritime matters, which in SA involves the application of the Admiralty Jurisdiction Regulation Act 105 of 1983 ("AJRA"), which in turn requires knowledge of English Law as Section 6(2) of AJRA in the circumstances there defined, applies English law to SA proceedings.

5. In the 2015 SA proceedings, Pacific Gulf Shipping Company ("PGS") sought security in respect of arbitration proceedings arising out of a breach of a charter party agreement by Adamastos Shipping & Trading S.A. ("Adamastos Shipping").

6. Security was sought for the claim pursuant to Section 5(3)(a) of AJRA, to which I have already referred in my First Declaration (dated December 11, 2018). DE 29.

7. The vessel sought to be arrested in SA, namely the MV Vigorous, was alleged to be associated with the MV Adamastos under the SA legal theory of associated ship arrest.

8. Sections 3(6) and (7) of AJRA permit the arrest of an associated vessel in the place of the concerned vessel if common ownership or control in accordance with those sections is

Page 2 - SECOND DECLARATION OF MICHAEL JOHN FITZGERALD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

established. A leading South African authority on the question of association is *Owners of the MV Silver Star v Hilane Limited*, 2015 (2) SA 331 SCA ("Silver Star"), which was cited by Justice Vahed and includes the following principle: "The purpose of the Act is to make the loss fall where it belongs by reason of ownership, and in the case of a company, ownership or control of the shares." (citations omitted).

9. In summary, the AJRA introduced a novel concept of an associated ship arrest, the purpose of which was to ensure that the "*loss fell where it belongs*".

10. An associated ship arrest thus provides a remedy beyond the sister ship arrest provision contained in the Arrest Convention to the extent that although the ships concerned are not owned by the same company, they are nevertheless said to be "associated" if the nominal owners are owned or controlled by the same person or companies, owned by a common person.

11. It is essentially a question of fact in SA law to determine and identify the person who controls the ship owning companies in question. In the SA proceedings, PGS did allege common ownership and control through the Gourdomichalis brothers (and by extension Blue Wall).

12. However, the challenge to the arrest of the m/v VIGOROUS, by Vigorous Shipping & Trading SA ("Vigorous Shipping") sought reconsideration of the order pursuant to Uniform Rule 6(12)(c) without filing any affidavits, but focused its argument on the fact that Blue Wall has numerous other 'shareholders' who are not the Gourdomichalis brothers and, as such, there was a failure by PGS to establish the requisite showing of common ownership and control by PGS to sustain the arrest.

13. In the SA proceedings, Justice Vahed's enquiry was confined to whether the PGS had established the alleged association in light of the criteria set out in Sections 3(6) and (7) of

Page 3 - SECOND DECLARATION OF MICHAEL JOHN FITZGERALD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

AJRA. To that extent, the principal issue in SA was whether *as a fact* the association alleged had been established.

14. In the Reasons for Judgment, Justice Vahed found that there was not sufficient factual evidence placed before him to justify the alleged association under SA law.

15. However, the SA proceedings did not include the same allegations present in this matter, specifically that the Defendants were all part of a single economic enterprise and that the corporate veil of the companies could be pierced based on domination and control and/or a theory of manifest injustice or fraud.

16. The Court in South Africa did not do an analysis of facts that have been submitted in the U.S. proceedings, including but not limited to the following facts:

   a. all defendants utilize the same notice address care of Phoenix Shipping;
   b. no physical presence, employees, phones, faxes, emails, or websites for the nominal vessel owning companies;
   c. no consideration of the fact that Vigorous Shipping (and Adamastos Shipping before it) take no business decisions in their own right;
   d. no review or analysis of the vessels in the Blue Wall fleet being cross-collateralized for the benefit of Blue Wall only;
   e. no examination of the failure by the nominal vessel owning entities Adamastos Shipping and Vigorous Shipping to be properly capitalized; and
   f. no analysis of the overlapping roles which the Gourdomichalis brothers play as the founders, officers, and directors of Blue Wall and Phoenix and how they use those positions to dominate and control the nominal vessel owners.

17. Although no appeal was filed by PGS against Justice Vahed's Reasons for Judgment; these were premised on a limited factual record and preliminary legal question concerning whether PGS had made sufficient factual allegations to satisfy the requirements for associated ship ownership under SA law.

18. There is nothing which would prevent PGS from bringing a new action to again seek the arrest of the MV VIGOROUS (or any other vessel said to be associated with the MV

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

ADAMASTOS) upon a showing of a factual basis to support the arrest. The reasons for judgment furnished by Justice Vahed must be confined to the factual circumstances before him and thus are binding only to that limited extent. They do not foreclose PGS from bringing forth new facts or allegations in support of an associated arrest in the future.

19. Justice Vahed's Reasons for Judgment were not a substantive legal ruling on any question pending before this Court: namely whether Vigorous Shipping, Blue Wall, Phoenix, and Adamastos Shipping are alter-egos such that the corporate veil may be pierced.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

Signed and dated on December 17, 2018.

_____
Michael John Fitzgerald

Page 5 -   SECOND DECLARATION OF
           MICHAEL JOHN FITZGERALD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900