**David R. Boyajian**, OSB #112582
Email: dboyajian@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Briton P. Sparkman**, Admitted PHV
Email: bsparkman@chaloslaw.com
CHALOS & CO, P.C.
55 Hamilton Avenue
Oyster Bay, NY 11771

Attorneys for Plaintiff, Pacific Gulf Shipping Co.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PACIFIC GULF SHIPPING CO.,**<br><br>Plaintiff,<br><br>vs.<br><br>**ADAMASTOS SHIPPING & TRADING S.A., VIGOROUS SHIPPING & TRADING S.A., BLUE WALL SHIPPING LTD., and PHOENIX SHIPPING & TRADING S.A.**<br><br>Defendants. | No. 3:18-CV-02076-MO<br><br>Admiralty<br><br>**PLAINTIFF PACIFIC GULF SHIPPING CO.'S RESPONSE IN OPPOSITION TO DEFENDANT'S SUPPLEMENTAL BRIEF ON APPLICABLE STANDARD OF PROOF** |



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

COMES NOW, Plaintiff PACIFIC GULF SHIPPING CO. (hereinafter "Pacific Gulf" or "Plaintiff"), by its undersigned counsel, and submits this Response in Opposition to Defendant Vigorous Shipping & Trading, S.A.'s ("Defendant" or "Vigorous") Supplemental Memorandum Regarding Standard of Proof to Sustain Attachment. DE 76. This Court has already applied the correct standard of review at the January 23, 2019 hearing and denied Defendant's Motion to Vacate holding that Plaintiff had demonstrated probable cause to sustain the Rule B Attachment. DE 74. Nothing in Defendant's supplemental brief supports the application of a different or greater standard of review at this E(4)(f) stage and the supplemental brief should be denied in its entirety. In further support thereof, Plaintiff would respectfully show as follows:

## PRELIMINARY STATEMENT

Defendant had the opportunity to brief the issue of the applicable standard of review prior to the January 23, 2019 hearing and failed to do so as part of its Reply in Support of Motion to Vacate. *See* DE 65. Now, Defendant Vigorous is seeking to argue that the correct standard to be applied is "preponderance of the evidence." DE 76. In support of its position, Defendant has alleged that Plaintiff has conducted "robust discovery and had a full opportunity to present evidence." DE 76, p. 1. There was limited discovery completed, as directed by the Court following the December 12, 2018 hearing on Defendant's motion to vacate. At each and every opportunity, Defendant objected to and repeatedly frustrated the production of documents, materials, and items which were requested by Plaintiff. In addition, the American P&I Club refused to produce documents responsive to a Rule 45 subpoena. The American P&I Club is still refusing to respond to the pending requests even after this Court's Order confirming that the Rule 45 subpoena was authorized. Plaintiff will necessarily prepare and file motion(s) to compel production to resolve the numerous outstanding discovery deficiencies. As such, it is completely inaccurate for



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Defendant to argue that because Plaintiff has received the cherry-picked discovery which Vigorous (and its co-defendants) chose to produce, that the Court is required to apply a greater standard of proof to the resolution of the Defendant's Motion to Vacate.

As set forth in greater detail below, the Courts in this Circuit have routinely and regularly applied the probable cause (or reasonable grounds) standard of proof to resolve a pending motion to vacate, even after limited discovery. Defendant has cited no binding authority which calls for the application of a higher standard of proof (such as preponderance of the evidence) and as such, it is respectfully submitted that this Court has already correctly decided this issue and the Defendant's application should be denied in its entirety.[1]

## I. PROBABLE CAUSE IS THE CORRECT AND APPLICABLE STANDARD OF REVIEW

Defendant Vigorous argues that there is a bright line rule between the applicable burden of proof that a Plaintiff must demonstrate before discovery and after discovery in order to sustain a Rule B attachment. DE 76, pp. 3-7. However, the courts in this Circuit (and throughout the United States) uniformly apply the probable cause standard at the Rule E(4)(f) motion to vacate stage of the proceedings. The lone outlier which Defendant hangs its entire position on is a case from the Southern District of New York, which has no precedential impact on this Court and is distinguishable from the facts and circumstances of this case. *See* Point B, *infra*; *Hawknet v. Overseas Shipping Agencies*, 2009 U.S. Dist. LEXIS 44023, 2009 AMC 1241 (S.D.N.Y. 2009).

---

[1] Defendant Vigorous has also asserted that it is waiting on Plaintiff to submit a proposed written order following the January 23, 2019 hearing. DE 76, p. 2. Plaintiff has reviewed the transcript of the January 23, 2019 hearing and the Court's Order denying the motion to vacate (DE 73) and there was no such directive to submit a proposed order. Counsel for Plaintiff also followed-up with this Court's Chambers who further confirmed that there was nothing further issued by the Court. Finally, requests to counsel for Defendant as to what Vigorous Shipping was referring to went unanswered. It is respectfully submitted that should the Court want or require a proposed Order, Plaintiff would certainly submit whatever is necessary for the Court's consideration.



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

**A. The Courts in the Ninth Circuit Apply the "Probable Cause" Standard**

As this Court stated during the January 23, 2019 hearing, Judge Anna Brown's decision in the *OS Shipping* case was a 'thoughtful opinion' which made clear that the standard of review at a Rule E(4)(f) hearing on a motion to vacate is probable cause. *See* Hrg. Tr., p. 7:7-12; *see also OS Shipping Co. v. Global Mar. Trust(s) Private Ltd.*, 2011 U.S. Dist. LEXIS 49054 (D. Ore. 2011). Defendant takes piecemeal excerpts of phrases from Judge Brown's opinion to argue that Judge Brown did not actually mean probable cause, but meant something more closely akin to preponderance of the evidence. DE 76, pp. 7-8. Defendant's strained argument is without merit. Judge Brown was clear that the standard of review at the Rule E(4)(f) motion to vacate stage, even after limited discovery and depositions, is probable cause. *Id.*, at *10-14. As another district court held, "probable cause ***is less*** than a preponderance of the evidence; in the criminal context, it has been described as a "fair probability" that the asserted fact is true." *Wajilam Exps. (Singapore) Pte. Ltd. v. ATL Shipping Ltd.*, 475 F. Supp. 2d 275, 279-80 (S.D.N.Y. 2006) (citing *Illinois v. Gates*, 462 U.S. 213, 214, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983)). Said another way, the "fair or reasonable probability"[2] language adopted and applied by District Judge Brown in *OS Shipping* to describe the standard of review ***is*** the probable cause standard and ***not*** something more.

District Judge Brown's decision to adopt the probable cause standard of review was based on the fact that even though there was not binding precedent from the Ninth Circuit Court of Appeals on the issue, "[n]umerous unpublished district court decisions support [the probable cause] standard." *OS Shipping*, 2011 U.S. Dist. 49054, *12. In another recent district court case

---

[2] "Fair or reasonable probability" is clearly less than a preponderance of the evidence standard. The Ninth Circuit Pattern Jury Instructions defines preponderance of the evidence as follows: "it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true." *See* 9th Circuit Pattern Jury Instructions 1.3.



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

from the Ninth Circuit, Judge Brown's well-reasoned opinion applying the probable cause was also used after the parties conducted discovery. *See Kite Shipping LLC v. San Juan Navigation Corp.*, 2012 U.S. Dist. LEXIS 182358 (S.D. Cal. Dec. 26, 2012). In *Kite Shipping*, District Judge Moskowitz held that the plaintiff had failed to show "probable cause" of an alter-ego relationship to survive the Rule E(4)(f) motion to vacate, but did permit limited discovery based on the allegations of a close business relationship. *Id*., at *4. Following discovery, plaintiff was entitled to make a motion for reconsideration arguing that the defendants were corporate alter-egos and seeking the reinstatement of the Rule B attachment. *Id*. Even though the plaintiff had already completed discovery in order to attempt to revive its Rule B attachment, District Judge Moskowitz held that the applicable standard of proof was still only "probable cause" and that plaintiff need not prove its case at the Rule E(4)(f) hearing. *Id*. at 7.

Additional courts in the Ninth Circuit have repeatedly held that the correct standard of review at a Rule E(4)(f) hearing on a motion to vacate is the 'probable cause' standard. *See e.g.*, *Res. Marine Pte, Ltd. v. Solym Carriers (London) Ltd*., 2012 U.S. Dist. LEXIS 179820, *5 (E.D. Cal. 2012); *Sea Prestigio, LLC v. M/Y Triton*, 2010 U.S. Dist. LEXIS 135377, at *1 (S.D. Cal. Dec. 22, 2010); *Del Mar Seafoods Inc. v. Cohen*, 2007 U.S. Dist. LEXIS 64426, at *7-8 (N.D. Cal. August 16, 2007). It is respectfully submitted that the Court should not depart from its previous holding on January 23, 2019 as probable cause is the appropriate standard for resolution of the motion to vacate pursuant to Supplemental Rule E(4)(f). Defendant has cited no binding authority for any other applicable standard and has cited to no persuasive authority from a court within the Ninth Circuit which holds to the contrary or demands a higher standard of proof. As such, Defendant's supplemental brief and argument should be rejected in its entirety.



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

**B. *Hawknet* is not Controlling or Persuasive Authority**

Defendant Vigorous' entire argument in support of applying the preponderance of the evidence standard is based on Judge Buchwald's decision in *Hawknet v. Overseas Shipping Agencies* from the Southern District of New York. 2009 U.S. Dist. LEXIS 44023, 2009 AMC 1241 (S.D.N.Y. 2009). In that matter, the court was considering whether the appropriate standard of review was the lesser, *prima facie* standard (which was regularly utilized by district courts in the Southern District of New York analyzing the sufficiency of a Rule B attachment) or preponderance of the evidence. *Id*., at *5. The procedural status in that case was different from the present action. There, Judge Buchwald had already completed the Rule E(4)(f) hearing and denied the motion to vacate on the basis that Plaintiff had satisfied a *prima facia* standard for pleading alter-ego. *Id*. Thereafter, the parties engaged in substantive discovery on the merits of all of the alter-ego allegations. *Id*. When the revised motion to vacate was over five (5) months later, District Judge Buchwald found that the standard of review should be something greater than prima facie and more closely akin to that of an evidentiary hearing in a jurisdictional dispute, accordingly the Court applied a preponderance of the evidence standard. *Id*.

Far from being a persuasive or leading case on the applicable standard of review, Judge Buchwald's decision has repeatedly been rejected by other Courts which have held a continued Rule E(4)(f) hearing following limited discovery. *See e.g. Flame S.A. v. Indus. Carriers, Inc.*, 24 F. Supp. 3d 493, 2014 U.S. Dist. LEXIS 71234, 2014 AMC 1669 (E.D. Va. 2014); *d'Amico Dry d.c.a. v. Nikka Fin., Inc.*, 2018 U.S. Dist. LEXIS 112728, 2018 AMC 1882 (S.D. Ala. 2018). In *Flame S.A.*, District Judge Doumar specifically rejected the higher standard imposed by Judge Buchwald on the grounds that the matter was still just at the preliminary Rule E(4)(f) stage and "discovery here has been limited and often contested. . ." *Id*.



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

In *d'Amico*, District Judge DuBose also found that there was no basis to depart from the standard probable cause burden of proof at the Rule E(4)(f) hearing. As the Court held, distinguishing *Hawknet*:

> As this Court has taken judicial notice of the prior (and pending) federal proceedings related to this case, such includes the discovery conducted therein. Thus, the court questions whether to avoid vacatur of the Rule B attachment, d'Amico should demonstrate by a preponderance of the evidence that Nikka is Primera's alter ego. *See*, *Hawknet*, 2009 U.S. Dist. LEXIS 44023 at *2 . . . However, the Court finds that the better course . . . is to apply the lower (probable cause) burden to determine whether vacatur of d'Amico's Rule B attachment is merited at this point in the proceedings in *this* Court.

*Id*., at * 15-16 (quotes omitted)(emphasis in original).

It is respectfully submitted that this Court should also reject the invitation to apply the *Hawknet* standard in this case as Courts have routinely held that a Rule E(4)(f) motion to vacate hearing requires a plaintiff only demonstrate probable cause in order to sustain the attachment and defeat the motion to vacate.

## II. DEFENDANT'S SUPPLEMENTAL ARGUMENTS AND BRIEFING SHOULD BE REJECTED IN FULL

Defendant was given leave by the Court to submit additional legal argument on the applicable standard of review. In an attempt to relitigate decided issues, Vigorous has attempted to insert repeat argument on the issue of whether Plaintiff has demonstrated sufficient proof to sustain the attachment. It is respectfully submitted that the case law is clear that this Court has already applied the correct standard of review, *i.e.* probable cause. The remainder of Defendant's brief is both out of time and an improper attempt at a third bite at the apple to seek to vacate the attachment. It is respectfully submitted that this Court should reject Defendant's supplemental brief in full and this case proceed with full and complete discovery and eventually a trial on the merits.



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CONCLUSION

WHEREFORE, for the reasons set forth above and in Plaintiff's prior brief in opposition to the motion to vacate (DE 61), the correct standard of review is "probable cause" and the Defendant's application for the implementation of a higher standard should be denied in all respects.

Dated this 4th day of February 2019.

Respectfully submitted,

CHALOS & CO, P.C.

BY: *S/BRITON P. SPARKMAN*
Briton P. Sparkman
*Admitted Pro Hac Vice*
Email: bsparkman@chaloslaw.com
Telephone: 516.714.4300
Facsimile: 516.750.9051

and

SCHWABE, WILLIAMSON & WYATT, P.C.

BY: *S/DAVID R. BOYAJIAN*
DAVID R. BOYAJIAN, OSB #112582
dboyajian@schwabe.com
Kent Roberts, OSB #801010
Email: ckroberts@schwabe.com
Telephone: 503.222.9981
Facsimile: 503.796.2900

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing motion via cm/ECF to all counsel of record in the above referenced matter on this 4th day of February 2019:

M. Christie Helmer, OSB No. 743400
chris.helmer@millernash.com
Jess G. Webster, OSB No. 155330
jess.webster@millernash.com
Sanja Muranovic, OSB No. 171774
sanja.muranovic@millernash.com
Telephone: 503.224.5858
Facsimile: 503.224.0155

BLANK ROME LLP
Keith B. Letourneau (*Pro Hac Vice*)
kletourneau@blankrome.com
Jeremy A. Herschaft (*Pro Hac Vice*)
jherschaft@blankrome.com
Telephone: 713.228.6601
Facsimile: 713.228.6605

*Attorneys for Defendant*
*Vigorous Shipping & Trading S.A.*

_/s/ Briton P. Sparkman__
Briton P. Sparkman