IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PACIFIC GULF SHIPPING CO.,

        Plaintiff(s),

  v.

ADAMASTOS SHIPPING & TRADING S.A., *et al.,*

        Defendant(s).

Civil Case No. 3:18-CV-02076-MO

TRIAL MANAGEMENT ORDER

**MOSMAN, J.,**

1.    Pretrial conference: **Monday, March 2, 2020 at 10:00AM-12:00PM** in Judge Mosman's Courtroom #16.

2.    4-day Court trial date: **Tuesday, March 10, 2020 at 09:00AM** in Judge Mosman's Courtroom #16.

3.    <u>Pretrial Material Filing Deadlines (unless otherwise specified by a Rule 16 conference):</u>

    a.    Expert reports are due 90 days before the date set for trial pursuant to Fed. R. Civ. P. 26, unless the parties have otherwise stipulated in a writing, filed with the Court. However, expert reports **must** be filed 21 days before the pretrial conference regardless of any agreement by the parties.

    b.    **30 days before pretrial conference**

        (1)    Plaintiff's exhibit lists and judge's copies of exhibits;

        (2)    Plaintiff's lay witness statements if not previously provided under an agreement between the parties or by court order;

        (3)    Any itemized list(s) of special damages;

    c.    **21 days before pretrial conference:**

        (1)    Defendant's exhibit lists and judge's copies of exhibits;

        (2)    Defendant's lay witness statements;

        (3)    Plaintiff's deposition designations (defendant's deposition designations due two days after plaintiff's submissions);

        (4)    Plaintiff's and defendant's trial memoranda.

    d.    **14 days before pretrial conference:**

        (1)    Plaintiff's rebuttal exhibits;

        (2)    Plaintiff's rebuttal lay witnesses;

        (3)    Plaintiff's and defendant's objections to the other party's exhibits, witnesses, and/or deposition designations in three separate documents;

    e.    **7 days before pretrial conference:**

        (1)    Plaintiff's and defendant's responses to objections to exhibits, witnesses and deposition designations in three separate documents.

4.    Procedures:  The original of all trial documents will be electronically filed with the court and copies served on the court and all parties.  Both the original and the judge's copies of all trial

documents will be three-hole punched and placed into binders with clearly marked index tabs. Each item listed should be a separately captioned and stapled document; do not staple different items together. Failure to comply with the court's deadlines, procedures or instructions may result in the preclusion of such evidence from trial and/or other sanctions as appropriate.

  a. <u>Exhibits and Exhibit Lists</u>:  Plaintiff's exhibits should be numbered and listed starting with "1". Defendant's exhibits should be numbered and listed starting with "501". The case number should be printed on each exhibit sticker. If there are multiple parties or more than 500 exhibits per party, contact Judge Mosman's Courtroom Deputies, Dawn Stephens at (503) 326-8024 or Kara Scheele at (503) 326-8031 for number assignments. For emailed questions, please email Chambers_Mosman@ord.uscourts.gov. Photographs, charts, and the like will be individually numbered unless they are of a specific set, in which case they will be given a lead number, with sequential destinations 50a, 50b, etc. Exhibit lists must be complete and reflect all exhibits presented at trial.

  Copies of each numbered, copyable exhibit shall be supplied to the court and opposing counsel. Original exhibits shall be submitted at the time of trial in compliance with the Pretrial Conference Order. Both the original and the judge's copies of exhibits shall be three-hole punched and placed into binders with clearly marked index tabs. All staples and clips will be removed from the copies of the exhibits which are placed in the three-ring binders.

  Parties must seek leave of court to file supplemental exhibits after the exhibit deadline set forth above. Any proposed supplemental exhibits must be separately captioned and  include a supplemental or revised exhibit list.

  Impeachment exhibits will be marked, sealed and delivered only to the court; each exhibit should be listed on your exhibit list as "Impeachment Exhibit."

PAGE 3 - TRIAL MANAGEMENT ORDER

      b.    <u>Witnesses</u>:

          (1)    <u>Lay Witness</u>:  List all parties, corporate representatives and other witnesses to be called, showing names and occupations, together with a statement setting forth the complete substance, not just the subject of the testimony.  For example, do not say, "The witness will testify about the accident."  Say, "The witness will testify that the defendant ran the red light and was going an estimated 30 miles per hour."  Testimony at trial will be limited to subject matter identified in the witness statements, absent a showing of just cause for the omission, balanced against any prejudice to the opposing party.  **Failure to include adequate descriptions of the topics about which witnesses will testify may result in the exclusion of the witness and /or the witnesses's testimony about the inadequately described topic.**  Please give a time estimate for the direct testimony of each witness.  Names and statements of impeachment witnesses may be sealed and delivered only to the court.

          (2)    <u>Expert Witnesses</u>:  Supply a written narrative statement or report of each expert, whether for the case in chief or rebuttal, setting forth qualifications, the substance of any opinions to be expressed in detail, and the facts and data upon which the opinions are based.  **As with lay witnesses, any subject not covered by the narrative will not be allowed at trial absent a showing of just cause for the omission, balanced against any prejudice to the opposing party.**

    The requirement for filing expert witness statements for purposes of trial does not replace or supersede a party's obligation to produce pertinent expert disclosure during the discovery phase of proceedings under Fed. R. Civ. P. 26.

          (3)    <u>Witnesses with Disabilities</u>:  **10 days prior to trial**, designate all witnesses, parties or counsel who will be present at trial and who need accommodation for any disability; designate the specific requested accommodation.

c.  <u>Depositions</u>:  Deposition transcripts which are intended solely for possible impeachment purposes need not be filed with the court.  Depositions offered in lieu of live testimony must be submitted to the court with those portions sought to be admitted highlighted.  Both the originals and court copies must be so highlighted.  Should more than one party wish to utilize the same deposition in lieu of live testimony, a single deposition must be submitted jointly by the parties: each party should select a different color and should designate, on the single copy, those portions of the depositions it intends to use.

Deposition transcripts used in lieu of live testimony are generally not considered "exhibits" because they are read to the jury and are not sent to the jury during deliberations.  Such depositions should be numbered and accompanied by a deposition list.  If a party seeks to introduce a deposition transcript as an exhibit to go to the jury during deliberations, that transcript must be marked and included within the exhibit book.

d.  <u>Itemized list of special damages</u>:  Specify damages sought and how such damages will be proven -- i.e. through which exhibits and/or witness testimony.

e.  <u>Trial Memoranda</u>:  Provide a brief summary of all material factual and legal contentions along with the elements of each claim and/or defense.  Trial memoranda are limited to 35 pages without prior approval.

f.  <u>Objections to Witnesses, Exhibits, and/or Deposition Designations</u>:  Objections to witnesses, exhibits, and/or deposition designations must be specific and complete and must identify the exhibit, witness, and/or deposition designation.  Responses to objections must be sufficiently specific to enable the court to provide a ruling.[1]

---

[1] Example:  Plaintiff objects to exhibit 301 (plaintiff's employment application) on grounds of relevance.  Plaintiff has stipulated to the effective date of her employment.  Response: Defendant offers this exhibit solely for the limited purpose of establishing that when she applied, plaintiff requested a swing shift assignment.  This evidence constitutes impeachment of plaintiff's anticipated

5. During the pretrial conference, be prepared to discuss the following:

    (a) Objections to witnesses, depositions and exhibits.

    (b) Settlement and/or mediation efforts.

    (c) Anticipated timetable.

    (d) Courtroom presentations: graphics or exhibits during opening statement; demonstrative evidence (e.g., maps, summaries, models, computer animations, etc.); and equipment needs (e.g., lectern, digital projector, or DVD player).

6. No exhibits or testimony will be received in evidence at trial nor will the filing of amended pleadings be allowed unless presented in accordance with this order. Late submissions will not be accepted absent a strong showing of good cause.

7. Please refer to the Trial Court Guidelines for U.S. District Court of Oregon on the court's website: https://ord.uscourts.gov/index.php/attorneys/trial-court-guidelines.

IT IS SO ORDERED.

DATED this  11th  day of June, 2019.

       /s/ Michael W. Mosman  
       MICHAEL W. MOSMAN  
       Chief United States District Judge

---

direct testimony that her transfer from a day to night shift constituted an adverse action.